[L. A. No. 7324. In Bank.—June 6, 1922.]

SAMUEL M. GARROWAY, Respondent, v. NETTA O. JENNINGS et al., Defendants; J. O. DAVIS, Appellant.

[1] GUARANTY—ASSIGNMENT OF JUDGMENT—PROMISE OF PAYMENT OF ATTORNEY'S FEES—STATUTE OF FRAUDS.—A promise in consideration of the assignment of a judgment to pay the attorneys' fees incurred in the procurement of the judgment is not a contract of suretyship or guaranty which is invalid unless made in writing and signed by the party to be charged, but is an original obligation under section 2794 of the Civil Code and need not be in writing.

[2] DEFAULT — FAILURE TO ANSWER AFTER DEMURRER OVERRULED — IGNORANCE OF ATTORNEY—PROPER DENIAL OF RELIEF.—A motion under section 473 of the Code of Civil Procedure to set aside a default for failure to answer a complaint after a demurrer thereto was overruled was properly denied where the only showing made in support of the motion was that the defendant was an attorney at law who had never been in active practice and was not familiar with the rules of practice and procedure of courts and believed that an order overruling a demurrer was appealable and an appeal taken therefrom would stay all further proceedings until the appeal was determined.

[3] APPEAL—RECORD—AUTHENTICATED COPY OF NOTICE OF APPEAL—SUPPLY OF OMISSION.—Under section 953 of the Code of Civil

189 Cal.—7

Procedure, as amended in 1921, an appellant who fails to include an authenticated copy of the notice of appeal in the transcript may amend the record by the filing of such a copy.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a motion to set aside a default. Charles S. Burnell, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. O. Davis for Appellant.

Winslow P. Hyatt for Respondent.

SHAW, C. J.—The complaint states a cause of action to recover judgment against the two defendants. It alleges that the defendant Jennings became indebted to Lantz, Hyatt, and Garroway in the sum of $972.66 for services as her attorneys in two certain actions, in one of which a judgment was recovered in her favor for over $7,000, that thereafter she assigned the judgment to the defendant Davis, who, in consideration of said assignment, promised his codefendant that he would pay the said attorneys' fees due to the said Lantz, Hyatt, and Garroway, and that said parties before the action was begun assigned the claim against said defendants to the plaintiff.

[1] To this complaint the defendant Davis separately demurred. The sole ground of demurrer is that the complaint seeks to charge Davis with the debt of Jennings upon an undertaking not in writing. The basis of this objection is that the contract alleged against Davis was a contract of suretyship or guaranty which is invalid unless made in writing and signed by the party to be charged. This principle does not apply to contracts of the character alleged in the complaint. It was not a contract to guarantee or become surety for the obligation of Jennings, but was an original obligation on his part to pay the debt of Mrs. Jennings directly to her creditors and it was based upon a sufficient consideration, that is, the transfer to him by her of the judgment above mentioned. It comes within the description of such original obligations set forth in section 2794 of the Civil Code, and it need not be in writing. The demurrer thereto was properly overruled. The defendant

failed to answer the complaint and thereupon judgment was entered against him by default, from which he appealed. The only objection that can be made to the judgment is that it is not supported by the complaint. It is, as we have seen, not well taken. The judgment, therefore, must be affirmed.

[2] After the taking of the default and judgment against him, Davis moved to set it aside under section 473 of the Code of Civil Procedure, on the ground that it was taken against him by his inadvertence and excusable neglect. In support of the motion it was shown that after the order was made overruling his demurrer to the complaint he attempted to take an appeal from said order by filing a notice of appeal therefrom. His excuse for failure to answer is that, although he was an attorney at law, admitted to practice as such in the courts of this state, he was not familiar with the rules and procedure of the courts, that he believed that the order overruling the demurrer was appealable and that an appeal therefrom would stay all further proceedings in the action until said appeal was determined, and further, that he did not know that default and judgment would be entered against him for failure to answer said complaint while such appeal was pending. All of these things he could have readily and easily ascertained by taking the trouble to read the provisions of the Code of Civil Procedure relating thereto and the numerous decisions of this court directly holding that no appeal lies from an order overruling a demurrer. Instead of showing an excuse for his failure to file the answer, his affidavit shows that it was due to his own gross neglect to take any pains whatever to inform himself as to the law affecting his case. The only reason he gives for his ignorance is that he had never been in active practice. That being the case, reasonable care would have induced him to make some inquiry and research to ascertain the law with which he professed to be familiar and which he could easily have ascertained. In denying a motion to set aside a default the court below was exercising its discretion. We cannot overturn its decision thereon unless the discretion was abused. We see no ground upon which to say that it was abused in this case. We are of the opinion that the motion was properly denied. The defendant appealed from the order denying that mo-

tion. We are forced to the conclusion that this appeal is also without support in the record.

[3] As the jurisdiction on appeal depends on the fact of the filing of a notice of appeal and not upon the fact of its being contained in the record, we have deemed it advisable to treat the case on its merits. It will, therefore, be unnecessary to act upon the application made by the appellant, since the filing of a transcript, to amend the same by inserting therein an authenticated copy of the notice of appeal. The appellant would be entitled to amend the record by filing such copy, as, of course, under section 953 of the Code of Civil Procedure, as amended in 1921. We have assumed that the appeal was properly taken and that the record discloses it, although the notice of appeal was set forth in the bill of exceptions and was not directly certified by the clerk as a correct copy.

The judgment and order appealed from are affirmed.

Shurtleff, J., Waste, J., Lennon, J., Sloane, J., Lawlor, J., and Wilbur, J., concurred.