[Civ. No. 2740. Third Appellate District.—April 24, 1924.]

## JOHN KAMMERER, Respondent, v. GUISEPPE MARINO et al., Appellants.

[1] DEFAULT—MOTION FOR RELIEF—DISCRETION OF TRIAL COURT—APPEAL.—The power vested in trial courts by section 473 of the Code of Civil Procedure should be freely and liberally exercised to the end that cases should be disposed of according to their substantial merits rather than upon mere technical matters of procedure, but, unless the record clearly shows that the trial court has abused its discretion in denying a defendant's motion for relief, the order of the trial court will not be reversed on appeal.

[2] ID.—MISTAKES OF LAW—IGNORANCE OF LAW.—Relief under section 473 of the Code of Civil Procedure may be had from mistakes of law, as well as from mistakes of fact, when a proper showing therefor is made; but the mistake of an attorney justifying relief must be other than that arising from mere ignorance of the law.

[3] ID.—FAILURE TO REQUEST REPORTER'S TRANSCRIPT—MOTION FOR RELIEF—INSUFFICIENT AFFIDAVITS—APPEAL.—Upon a motion, under section 473 of the Code of Civil Procedure, for relief from default in failing to request a reporter's transcript in connection with an appeal under the alternative method, the affidavits should show clearly and distinctly the questions desired to be presented for review by the appellate court and also show that a copy of the reporter's transcript is necessary in order that such questions might properly be presented and considered on appeal; and, without such showing, the mere fact that a mistake has been made, whether of law or of fact, does not justify the appellate court in finding that the trial court has abused its discretion in denying the requested relief.

(1) 4 C. J., p. 421, sec. 2121 (1926 Anno.); p. 841, sec. 2826 (1926 Anno.). (2) 4 C. J., p. 421, sec. 2121 (1926 Anno.). (3) 4 C. J., p. 421, sec. 2121 (1926 Anno.).

APPEAL from an order of the Superior Court of Sacramento County denying relief from default in failing to request a reporter's transcript.

1. See 14 Cal. Jur. 991, 1009 et seq., 1041 et seq.; 15 R. C. L. 725.
2. Equitable relief from judgment entered against party due to negligence or mistake of attorney, note, 10 Ann. Cas. 447. See, also, 14 Cal. Jur. 1035; 15 R. C. L. 752, 756.

The facts are stated in the opinion of the court.

V. L. Hatfield, Martin I. Welsh and W. H. Hatfield for Appellants.

C. E. McLaughlin and C. P. McLaughlin for Respondent.

PLUMMER, J.—This is an appeal from an order of the superior court of Sacramento County denying the application of defendants, Guiseppe Marino, Charlie Roparty, also known as Charles Rafti, and Steve Kamer, for leave to amend their notice to the clerk to prepare papers on appeal. It appears from the transcript that, after the trial had been had and judgment entered in the above-entitled action, the defendants, last above named, desiring to appeal therefrom caused to be filed with the clerk of said court on the fifteenth day of May, 1923, the following notice, to wit:

"Notice to Clerk to Prepare Papers on Appeal.

"To the Clerk of the Above Entitled Court: Please take notice that the Defendants Guiseppe Marino, Steve Kamer and Charlie Roparty, also known as Charles Rafti, intend to appeal from the judgment heretobefore rendered in the above entitled action, and request that a clerk's transcript to include the judgment-roll herein together with all of the papers and matters used and all rulings and orders made upon said defendant's motion for a new trial herein be made up and prepared.

"Dated this 15th day of May, 1923.

"V. L. HATFIELD,

"MARTIN I. WELSH,

"W. H. HATFIELD."

Subsequently to said date it was discovered that said notice did not ask for a copy of the reporter's notes of the testimony and on the nineteenth day of June, 1923, the defendants and appellants in this action served notice that on the twenty-fifth day of June, 1923, they would move the trial court for an order permitting them to amend their notice to the clerk of the above-entitled court to prepare papers on appeal herein by adding thereto a request to prepare a transcript of the testimony offered or taken, evidence offered or received and all rulings, instructions, acts or statements of the court, also all objections or exceptions of coun-

sel and all matters to which the same relate. That said motion would be made upon the ground that said matter requested to be added to said request theretofore filed was omitted therefrom through inadvertence, surprise, mistake and excusable neglect. This motion was supported by the affidavit of W. H. Hatfield filed on the same date, which affidavit is as follows:

"State of California, County of Sacramento.—ss.

"W. H. Hatfield, being first duly sworn, deposes and says:

"That he is one of the attorneys for the moving defendants herein; that it was agreed between affiant and one of his associates, Donald R. Green, that said Green would prepare the Notice of Appeal and the Notice to the Clerk to prepare papers on appeal herein; that affiant asked said Green to include in said request both a Reporter's Transcript and a Clerk's Transcript, together with all papers connected with the motion for a new trial herein; that due to inadvertence said Notice did not include the request for the usual Reporter's Transcript; that affiant did not learn this until on or about the 15th day of June, 1923, when the Clerk's Transcript was submitted to him for examination.

"Wherefore, affiant prays for an Order of this Court allowing the said Notice to Prepare Papers on Appeal herein to be amended to include therein a request for the usual Reporter's Transcript on Appeal.

"W. H. HATFIELD."

Subsequently an affidavit by Donald R. Green was also filed in support of said motion. This affidavit is as follows:

"State of California, County of Sacramento,—ss.

"Donald R. Green, being first duly sworn, deposes and says:

"That he is attorney of record for Steve Kamer, one of the defendants herein; that immediately after the denial of the motion for a new trial in the above entitled matter he consulted with W. H. Hatfield about the matter of an appeal from the judgment herein; that he stated to Mr. Hatfield that he had never taken an appeal to the Supreme Court or to the District Court of Appeal; that Mr. Hatfield stated to him that he had considerable experience in those matters and was thoroughly familiar with the procedure and had just recently taken an appeal to the District Court of Appeal,

Third Appellate District, wherein practically the same point was raised as here, i. e., failure to find on a material issue; that Mr. Hatfield stated to affiant that as he was busy he would have to ask affiant to attend to preparing the necessary papers and arranging the matter of the transcript with the reporter; that appreciating the fact that he had never taken an appeal before, and appreciating the fact that Mr. Hatfield had, he discussed the contents of such papers on appeal fully with Mr. Hatfield; that through mistake, inadvertence and a misunderstanding on his part, he understood that a reporter's transcript was unnecessary; that affiant did not discover his mistake until after the clerk's transcript was presented to Mr. Hatfield for inspection; that as soon as said error was discovered, said W. H. Hatfield prepared and filed his Notice of Motion for an Order permitting defendants to amend their Notice to the Clerk by adding thereto a request to the Clerk for a Transcript of the testimony offered at the trial; that the said Notice was given with the knowledge and consent of affiant, and was for the purpose of correcting the said mistake of affiant. . . . ''

No opposing affidavits were filed. The trial court denied the motion and the matter is now before this court on appeal from that order. On the part of the appellants it is contended that the trial court abused its discretion in denying such motion, and on the part of the respondents it is contended that there was no showing of such abuse.

[1] Two propositions of law in relation to the exercise of discretion in such matters by the trial court seem to be definitely settled: First, that the power vested in trial courts by section 473 of the Code of Civil Procedure should be freely and liberally exercised to the end that cases should be disposed of according to their substantial merits rather than upon mere technical matters of procedure (*Sofuye* v. *Peters-Wheeler Seed Co.*, 62 Cal. App. 198 [216 Pac. 990]; *Roland* v. *Kreyenhagen*, 18 Cal. 455; *Brasher* v. *White*, 53 Cal. App. 545 [200 Pac. 657]; secondly, that, unless the record clearly shows the trial court has abused its discretion in denying a defendant's motion for relief, its order will not be reversed on appeal. (*Horne* v. *Standard Auto Sales Co.*, 62 Cal. App. 478 [215 Pac. 970]; *Ingrim* v. *Epperson*, 137 Cal. 370 [70 Pac. 165]; *Alferitz* v. *Cahen*, 145 Cal. 397 [78 Pac. 878].)

Other cases might be cited following the rules above set forth, but these are deemed sufficient.

[2] It also seems to be well settled in this state that relief under section 473 of the Code of Civil Procedure may be had from mistakes of law as well as from mistakes of fact when a proper showing therefor is made. (*Douglass* v. *Todd,* 96 Cal. 655 [31 Am. St. Rep. 247, 31 Pac. 623]; *Mitchell* v. *California etc. Co.,* 156 Cal. 576 [105 Pac. 590]; 14 Cal. Jur. 1044.)

It seems, however, that the mistake of an attorney justifying relief must be other than that arising from mere ignorance of the law. This question, was before the court of this state in *Garroway* v. *Jennings,* 189 Cal. 97 [207 Pac. 554], where it is held (we quote from the syllabus): "A motion under section 473 of the Code of Civil Procedure to set aside a default for failure to answer a complaint after a demurrer thereto was overruled was properly denied where the only showing made in support of the motion was that the defendant was an attorney at law who had never been in active practice and was not familiar with the rules of practice and procedure of courts and believed that an order overruling a demurrer was appealable and an appeal taken therefrom would stay all further proceedings until the appeal was determined." It was also stated that: "All of these things he could have readily and easily ascertained by taking the trouble to read the provisions of the Code of Civil Procedure relating thereto and the numerous decisions of this court directly holding that no appeal lies from an order overruling a demurrer."

[3] With these principles of law in mind, let us consider the two affidavits upon which the motion is based. In the affidavit of Hatfield it appears that the affiant asked Donald R. Green to prepare the notice of appeal and the notice to the clerk and asked said Green to include in said request both a reporter's transcript and a clerk's transcript, and that due to inadvertence said notice did not include the request for the usual reporter's transcript. Whose inadvertence, mistake or neglect it was does not appear from this affidavit. There is nothing in the affidavit of affiant Hatfield which states any reason why a reporter's transcript of the evidence would be of value or its materiality in presenting any questions which may be tendered to an appel-

late court for review upon appeal. There is nothing stated in this affidavit which would call to the attention of the trial court any necessity whatever for such a transcript or any reasons whatever given why all questions which were intended to be presented to a reviewing court might not be tendered, presented and considered upon the record already made. In other words, there is nothing in this affidavit showing how the appellants would be benefited by the granting of their motion, and, necessarily, nothing shown as to how they would be prejudiced by a denial thereof.

We come next to a consideration of the affidavit filed by Donald R. Green. This affidavit states that affiant had never taken an appeal to the supreme court or to the district court of appeal; that affiant Hatfield had stated to him that he, Hatfield, had considerable experience in those matters and was thoroughly familiar with the procedure and had just recently taken an appeal to the district court of appeal, third appellate district, wherein practically the same point was raised as here, i. e. failure to find on a material issue; that Hatfield was busy and would have to ask affiant to attend to preparing the necessary papers; that through mistake, inadvertence and misunderstanding on his part affiant understood that a reporter's transcript was unnecessary; that affiant did not discover his mistake until after the clerk's transcript was presented to Mr. Hatfield for inspection. Here, again, there is no showing in the affidavit of the necessity of a reporter's transcript of the testimony or why there should be a reporter's transcript of the testimony made or how the appellant represented by Mr. Green or any of the other appellants would be benefited by the granting of the motion to amend, and, hence, necessarily not showing how they would be prejudiced by a denial of such motion. In so far as the application is based upon the affidavit showing unfamiliarity with the law in such cases, the Garroway case, above cited, seems to apply. We do not find any cases which hold that the actual merits of an appeal must be set forth in the affidavit supporting a motion to be relieved from a default for failure to serve or file statements or bills of exception on appeal within time, but there must be some showing of merit in the motion, that is to say, the affidavits in this case should show clearly and distinctly the questions desired to be presented for review by the ap-

pellate court and that a copy of the reporter's notes was necessary in order that such questions might properly be presented and considered on appeal. Then, in the event such motion is denied or granted, the appellate court would be in a position to determine whether the trial court had or had not abused its discretion. Without such showing the mere fact that a mistake has been made, whether of law or of fact, and the party making the mistake has not been relieved therefrom, does not authorize or justify an appellate court in finding that the trial court has abused its discretion. We do not need to hold that the trial court in this case either has or has not abused its discretion. The papers presented to us do not clearly show such abuse and under the law we have but one thing to do and that is to affirm the order.

The order of the trial court is hereby affirmed.

Hart, J., and Finch, P. J., concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 23, 1924.

All the Justices concurred.