[Civ. No. 1338. Fourth Appellate District.—June 12, 1934.]

WALTER W. TAFT, Appellant, v. SECURITY–FIRST NATIONAL BANK OF LOS ANGELES (a National Banking Association), as Executor, etc., et al., Respondents.

[Civ. No. 1342. Fourth Appellate District.—June 12, 1934.]

WALTER W. TAFT, Appellant, v. SECURITY–FIRST NATIONAL BANK OF LOS ANGELES (a National Banking Association), as Executor, etc., et al., Respondents.

Walter W. Taft, *in pro. per.*, and Rollin L. McNitt for Appellant.

Sutherland, Deering & Jertberg, W. U. Goodman and David E. Peckinpah for Respondents.

BARNARD, P. J.—Judgment in this action was entered on March 29, 1933. A motion for a new trial was denied on May 31, 1933. On June 10, 1933, the plaintiff filed notice of appeal and also filed a notice addressed to the clerk of the court requesting the preparation of a transcript. The clerk fixed the amount of the undertaking to be filed in connection with said request for a transcript and notified counsel for the appellant. No undertaking has been filed and no transcript has been settled or filed. The record does not disclose that anything further has ever been done in connection with preparing or filing any transcript. Counsel for the respondents filed on September 8, 1933, a notice of motion to terminate proceedings for preparing a transcript.

This motion was noticed for September 15, 1933, at which time it was continued to September 29, 1933. On September 28, 1933, the appellant filed a substitution of attorneys, substituting himself as his own attorney in the action, the substitution being duly signed and served by and on all parties concerned. On September 29, 1933, the appellant appeared in person and requested a continuance and the hearing of the motion was continued to October 20, 1933. Thereafter, at the request of the appellant, the hearing was continued respectively to November 24, 1933, to February 2, 1934, and to February 23, 1934. On the last-mentioned date said motion came on for hearing and no undertaking having been filed and no transcript having been settled or filed, the court granted the motion and entered its order terminating and dismissing the proceeding to procure such a transcript.

On April 3, 1934, the cause was transferred by the Supreme Court to this court. On April 11, 1934, the respondents filed a notice that on April. 27, 1934, they would move this court for an order dismissing the appeal in said action. When the matter came on for hearing on that day the appellant was present in person, without counsel, and filed a supplemental certificate of the county clerk setting forth the following matters which had occurred in the trial court after the original clerk's certificate was issued: On April 18, 1934, a substitution of attorneys was filed substituting Rollin L. McNitt as attorney for the appellant. On the same day, the appellant, through his substituted counsel, filed notice of a motion to set aside the order of February 23, 1934, granting the motion to terminate the proceedings to prepare a transcript, and for relief under section 473 of the Code of Civil Procedure, it being set forth that the motion would be based upon the ground that the order of February 23, 1934, was entered through the mistake, inadvertence, surprise and excusable neglect of appellant's attorney. This motion was heard upon affidavits on April 21, 1934, and, on that day, the court entered an order denying the motion and refusing to vacate the previous order entered on February 23, 1934. On April 25, 1934, the appellant filed notice of appeal to the Supreme Court from the order so entered on April 21, 1934. On the same

day the appellant gave notice to the county clerk requesting the preparation of a clerk's transcript upon that appeal.

On April 27, 1934, the motion to dismiss the appeal above referred to was by this court ordered marked ready for submission. On April 30, 1934, the second appeal, being the one from the order made on April 21, 1934, was transferred to this court by the Supreme Court. On May 1, 1934, the respondents filed in this court a notice of motion to dismiss this appeal from the order of April 21, 1934, on the ground that the same is not an appealable order. This motion was heard on May 15, 1934, at which time the appellant was present in person, but without counsel. In due time briefs were filed by counsel for the respective parties and both motions to dismiss have been submitted and will be taken up together.

No appeal was taken from the order of February 23, 1934, and that order became final before the appeal was taken from the order of April 21, 1934, and it is obvious that the motion to dismiss the appeal from the judgment should be granted unless the same is prevented by what subsequently occurred, a matter which is presented by the second appeal.

██ It is appellant's contention that the order made on April 21, 1934, was an appealable order, that this has been conclusively settled by the decision in *Wood* v. *Peterson Farms Co.*, 214 Cal. 94 [3 Pac. (2d) 922], and that both of these motions to dismiss must, therefore, be denied.

In the case just referred to a transcript had been actually prepared and presented, excuse was shown for a delay in paying the filing fee, the delay had not been unreasonable, and the order terminating the proceedings for the preparation of a transcript was also appealed from and had not become final. A motion to relieve the appellant from default in the preparation of a transcript was filed, heard, denied and appealed from before the order terminating the proceedings had become final. It thus appears that the appellant in that case, instead of moving to set aside the order terminating the proceedings, filed a motion for relief and then took a timely appeal from both adverse orders. While a part of the language of the opinion seems to support this appellant's contention, the decision in that case was expressly limited to the circumstances there appearing. The circumstances in the case now before us are con-

siderably different and we feel that any holding in the case above referred to should not be extended in the manner here contended for by this appellant.

In the case before us eight and one-half months elapsed between the notice of appeal and the order terminating proceedings for a transcript, with nothing done. The appellant waited until a few days before the order of termination became final and then filed a motion to set the same aside, including an attempted request for relief. He appealed from the order denying this motion, after the prior order became final. Although he then gave notice requesting the preparation of a transcript on the second appeal none has been filed or offered, although forty-eight days have since elapsed. Under appellant's contention the respondents must, after an appropriate time, again move for an order terminating the proceedings for the preparation of a transcript on the second appeal, and when that motion is granted the same procedure can be repeated by the appellant, and "so on far into the night". The injustice of this is apparent. The very contention should defeat itself and leads inevitably to the conclusion that the holding in the case referred to should not be so extended as to govern here.

Not only was the second appeal here taken after the order of termination had become final, but the motion on which the second order was based was one to set aside the prior order, and while the motion purported also to ask for relief, the relief asked for was not from the failure to prepare a transcript, but was on the ground that the order terminating the proceedings for a transcript had been entered through the mistake, inadvertence, surprise and excusable neglect of the attorney. It affirmatively appears that section 473 of the Code of Civil Procedure was not complied with, in that the transcript was not offered for filing, and it would also seem that no excuse was in any way offered for the delay while the appellant was acting as his own counsel. We take it that the request for relief was not only insufficient but that it was, in fact, incidental to and a part of the motion to set aside the order of termination. Under these circumstances, the motion from which the second appeal is taken must be considered only as a motion to set aside the prior order, and the usual rule applies that when an order is appealable, an order denying a motion to set

the same aside is not appealable (*De la Montanya* v. *De la Montanya*, 112 Cal. 101 [44 Pac. 345, 53 Am. St. Rep. 165, 32 L. R. A. 82]; *Estate of Gregory*, 122 Cal. 483 [55 Pac. 144]; *People* v. *Bowles*, 135 Cal. App. 514 [27 Pac. (2d) 411]).

For the reasons given both motions are granted and both of the appeals are dismissed.

Marks, J., concurred.

Jennings, J., being absent, did not participate in this opinion.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 9, 1934.