[Civ. No. 11303. Second Appellate District, Division One.—August 24, 1937.]

DOLORES SALAZAR, Respondent, v. SAMUEL STEELMAN, Appellant.

William B. Ogden for Appellant.

Roger Marchetti and Charles A. Winter for Respondent.

HOUSER, P. J.—A trust deed that was security for an indebtedness owed by defendant to some person other than plaintiff having been "foreclosed", plaintiff instituted an ac-. tion to recover a judgment against defendant on a promissory note that was owned by plaintiff, the payment of which purportedly having been secured by a second trust deed upon the same property that theretofore had been sold on the "foreclosure" of the first indebtedness. A judgment that was rendered in that action in favor of the plaintiff was reversed on appeal. Thereupon, plaintiff caused to be entered her dismissal of the action. About six weeks thereafter, plaintiff commenced a "new" action against defendant, which was based upon the same facts that had been alleged in the first action, and in which "new" action the same relief was sought that had been sought in the first action. To the complaint in the "new" action an answer was filed, wherein, among other defenses, the statute of limitations was pleaded. On the last day of a six-month period which followed the entry of judgment on the dismissal of the action, plaintiff gave to defendant a written notice of motion that application would be made to the trial court for an order which, if made, would have the effect of vacating the judgment that was rendered in the first action. On the hearing of said motion, the trial court granted the same, and thereupon made its order by which the said judgment was vacated. It is from that order that the instant appeal is prosecuted.

The motion was made under that part of section 473 of the Code of Civil Procedure which, in substance, provides that "the court may . . . relieve a party or his legal representative from a judgment, order, . . . taken against him through his mistake, inadvertence, surprise or excusable neglect. . . . Application for such relief . . . must be made within a reasonable time, in no case exceeding six months, after such judgment . . . was taken."

The decisive question that is here at issue is whether in making its order by which the judgment in the first action was vacated, the trial court abused its discretion.

In the presentation of her motion, plaintiff relied upon an affidavit that was made by one Fowler, who was employed as an attorney by the "legal representative" of plaintiff. A copy of that affidavit is as follows:

"Gethin T. Fowler, being first duly sworn, deposes and says:

"That he is an attorney at law and is now and has been employed in the law offices of Roger Marchetti, attorney for the plaintiff in the above entitled action.

"That in April, 1936, affiant went to the Title Guaranty Company for and on behalf of the said Roger Marchetti for the purpose of employing the Title Guaranty Company to handle the foreclosure of the trust deed involved in the above entitled action.

"That the Title Guaranty Company made a preliminary search of the records involving the real property covered by the said trust deed and instructed affiant that it would be necessary to dismiss the above entitled action before they could proceed with the foreclosure and sale of the said real property. That affiant caused a dismissal without prejudice to be filed and at said time affiant did not know that the property had already been sold under a prior trust deed and affiant did not know that there was any other trust deed covering the said real property.

"That unless the judgment of dismissal be vacated and set aside the statute of limitations will have run against the promissory note involved in the said action and the plaintiff will have no remedy or means of collecting the unpaid balance on said promissory note.

"That affiant relied upon the advice of the Title Guaranty Company and would not have caused the said dismissal to be filed without the advice of the said Title Guaranty Company.

"That said promissory note was executed on the 12th day of May, 1930, and was made payable in one year from said date. That the above action was filed on the 22d day of June, 1931; judgment was entered against the defendant on the 27th day of July, 1932; the defendant thereafter appealed to the District Court of Appeal and a judgment of reversal was made by said court on the 18th day of February, 1935. Judgment was certified by the clerk of the District Court of Appeal on the 20th day of April, 1935, and the *remittitur* was stamped filed by the county clerk's office, county of Los

Angeles, state of California, on the 26th day of April, 1935. On May 20, 1935, said judgment of reversal was entered and docketed by the said county clerk's office. ·

"That affiant was not aware of the previous history of the case at the time he applied to the Title Company as above stated in respect to information and advice as to the foreclosure of the second trust deed which was given to secure the said note and was not aware of the right of the plaintiff to proceed with a new trial of said action, and according to his information was under the impression that the only remedy left open to the plaintiff was to go through a foreclosure of her trust deed, but in order to prosecute such foreclosure it was necessary, according to the advice of the said Title Company, that said action should first be dismissed, but that if affiant had known that a new trial of said action could have been had under said judgment of reversal it would not have been necessary to prosecute a foreclosure under said trust deed for the reason that said property had already been foreclosed under a prior trust deed and in consequence thereof said second trust deed no longer constituted a lien on said premises and was incapable of being foreclosed and it was through said misapprehension, mistake and inadvertence that said dismissal was filed and this affidavit is made in support of an application to vacate said judgment of dismissal in order that the plaintiff may proceed with a new trial of said cause under said judgment of reversal.

"That under said judgment of reversal of the District Court of Appeal, according to section 355 of the Code of Civil Procedure, the plaintiff had one year after the entry and docketing of said judgment of reversal on May 20, 1935, in which to bring a new action on said note and pursuant thereto plaintiff did bring an action within one year after the entry and docketing of said judgment of reversal and said action is now pending.

"That the defendant has interposed an answer to the complaint in said action but said action has not yet been set for trial.

"That in said answer to said second action on said note now pending as above stated the defendant claims that said second action was not brought within the time required by said last named section of the Code of Civil Procedure, the defendant claiming in said answer that the period of one year within which to bring said action should therefore have been

brought on or before April 20, 1936, whereas said second action was not brought until May 20, 1936, and that if the contention of the said defendant as set up in said answer should prevail and said second action should therefore be dismissed the plaintiff would be without remedy unless she were permitted to prosecute her claim in said first action above described and for the reason that said judgment of dismissal of said action is now of record in the court she cannot prosecute a trial of said first action unless such judgment of dismissal is vacated.

''That had the true facts of the situation been fully known and comprehended by affiant he would not have followed the mistaken advice given by said Title Company and that owing to said misapprehension, improper advice, inadvertence, mistake and surprise it is desired that said judgment of dismissal be vacated.''

At the outset, it should be noted that the affidavit within which the facts were stated was made not by either plaintiff or by her ''legal representative'', but that it was made by one who was in the employ of plaintiff's ''legal representative''. Ordinarily, as far as the strict permissive language of the statute permits, the affiant was a ''rank outsider''; consequently his statements with reference to his position in the matter would be inadmissible and wholly irrelevant for the purpose of establishing the required ultimate fact of ''mistake, inadvertence, surprise or excusable neglect'' of the ''party or his legal representative''. (*Bruskey* v. *Bruskey,* 4 Cal. App. (2d) 472 [41 Pac. (2d) 203].) Were it not for the fact that Fowler is an attorney; that at all times here in question he was the accredited employee of plaintiff's ''legal representative''; and that in the instant matter he had been delegated by the ''legal representative'' to act in the capacity in which he did, no reason would be apparent for giving any consideration to Fowler's affidavit. But since the fact appears that all of Fowler's acts were done as a specially delegated agent of plaintiff's ''legal representative'', it is concluded that within the meaning and intent of the language of the statute, Fowler's affidavit should be accepted and acted upon in the same way, and be accorded the same weight, as though the affidavit had been made by either ''the party or his legal representative'' in person.

But it is not enough that in themselves the several reasons that were stated in the affidavit might be considered

by a layman as a sufficient every-day excuse for the plaintiff in directing a dismissal of the first action. A legal compliance with the demands of the statute cannot thus be made to appear. To the contrary, the showing that must be made by an applicant for relief such as was sought by plaintiff must legally constitute "mistake, inadvertence, surprise or excusable neglect". And in the instant matter, if the facts that were set forth in the affidavit to which attention hereinbefore has been directed fail to justify the necessary implied conclusion therefrom, that they in fact constituted mistake, inadvertence, surprise or excusable neglect, as a matter of law, it must follow that the trial court abused its discretion in making the order in question.

On examination of the affidavit, it will appear, in substance, that its basic facts consist of three several statements, to wit: (1) That a title company advised affiant that it would be necessary that the first action be dismissed before "foreclosing" the trust deed which secured the note in question. (2) That affiant did not know that a new trial could be had in the instant action after the judgment of reversal in the appellate court had been rendered. (3) That affiant did not know that the prior trust deed had been "foreclosed" and that the security for the instant note was valueless.

With reference to the first two of such "facts", it would seem clear that neither of them, nor both combined, could furnish a sufficient foundation for a conclusion that, within the meaning of either or any of the requirements that are specified in the statute, to wit, mistake, inadvertence, surprise or excusable neglect, an order properly could be rested, by which the judgment in question would be vacated. Conceding that advice given by an accredited and competent legal assistant or officer of a title company with respect to correct legal procedure in matters that may affect situations of the kind that were present in the instant matter is usually reliable, nevertheless, it should be no more reliable than that which might be given by any competent attorney. And had the latter situation obtained herein, and had plaintiff suggested that fact as a sufficient reason for granting her motion for making an order by the court by which the judgment would be vacated, it is unlikely that the court would have seriously considered it. Nor does the second asserted fact that was suggested by the affiant, to the effect that he did not know that a new trial could be had in the instant action

after judgment of reversal had been rendered in the appellate court, merit any different fate. (*Brooks* v. *Johnson*, 122 Cal. 569, 572 [55 Pac. 423] ; *Garroway* v. *Jennings*, 189 Cal. 97, 99 [207 Pac. 554] ; *Porter* v. *Anderson*, 14 Cal. App. 716 [113 Pac. 345] ; *Mahana* v. *Alexander*, 88 Cal. App. 111, 130 [263 Pac. 260] ; *Penryn Land Co.* v. *Akahori*, 37 Cal. App. 14, 18 [173 Pac. 612].)

 But with respect to the third reason that was assigned by the affiant, to wit, that affiant (as the "legal representative") did not know that the prior trust deed had been "foreclosed" and that the security for the respondent's note was valueless, the situation is different. Although, judging from various other facts that appear from an inspection of the files in the action, it readily might have been concluded by the trial court that affiant had actual knowledge of the "foreclosure" of the senior trust deed, nevertheless the determination of the question thus presented rested with the trial court; and since its order in the premises implies a finding in favor of the truth of affiant's declaration, this court has no authority to disturb it. And assuming that as a matter of fact neither plaintiff nor her legal representative had knowledge that the prior deed of trust had been "foreclosed", within the several legal definitions of what may constitute "mistake" or "inadvertence", the trial court was authorized to make the order in question. In that connection, the following legal definitions may be helpful:

"A mistake, in a legal sense, may be defined to be the doing of an act under an erroneous conviction, which act, but for such conviction, would not have been done." (*Cummins* v. *Bulgin*, 37 N. J. Eq. 476, 477; *Davis* v. *Steuben School Tp.*, 19 Ind. App. 694 [50 N. E. 1, 5].)

"Mistake", as used in section 274 of the Code of North Carolina, which provides that the judge may, in his discretion, relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect, "implies not simply any, but a reasonable mistake, . . . as to some fact, or something that has or has not been done of which the complaining party ought to have knowledge, and which, if he had had such knowledge, might have prevented the judgment, order, or other proceeding of which he complains". (*Skinner* v. *Terry*, 107 N. C. 103 [12 S. E. 118, 119].)

"A mistake exists when a person, under some erroneous conviction of law or fact, does or omits to do some act which, but for the erroneous conviction, he would not have done or omitted. It may arise either from unconsciousness, ignorance, forgetfulness, imposition or misplaced confidence." (*Burton* v. *American Bonding & Trust Co.*, 182 Ky. 637 [206 S. W. 884].)

It is next urged that the order was and is void for the reason that plaintiff's application to the superior court for relief was not made within a reasonable time. In that regard, an examination of the pertinent facts contained within the record would admit of a conclusion that plaintiff used no legal diligence in presenting her motion to the superior court. On the other hand, although not in direct answer to the charge of lack of diligence on the part of plaintiff, it may be that the facts contained not only within the affidavit, but in the remainder of the record, warranted the inference that the date of discovery by plaintiff of the fact of prior "foreclosure" was so shortly before plaintiff made the motion to vacate the judgment that she could not fairly be charged with lack of diligence in that she had failed to present the motion within a reasonable time after the judgment was rendered. At any rate, in the circumstances, as a matter of law, this court is unable to declare that the implied finding by the trial court was entirely unsupported by the evidence; or, in other words, that in its final conclusion in the matter, the trial court abused its discretion.

For the reason that the other points suggested by appellant are impliedly decided adversely to his several contentions, it becomes unnecessary to devote special consideration to them.

The order appealed from is affirmed.

York, J., and Doran, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 23, 1937.