[Civ. No. 7417.   Third Dist.   Sept. 23, 1947.]

FELIX T. SWAN, Respondent, v. RIVERBANK CANNING COMPANY (a Corporation), Appellant.

F. M. Brack for Appellant.

A. G. Bailey for Respondent.

ADAMS, P. J.—In this case judgment against defendant was filed and entered August 23, 1946. Prior to the signing and filing of the findings of fact and conclusions of law, defendant filed a notice of intention to move for a new trial, and on October 26, 1946, it filed notice of appeal. On January 4, 1947, respondent filed in this court a notice of motion to dismiss the said appeal on the ground that it was not taken within the time allowed by law and rule 2 of the Rules on Appeal. No opposition to said motion was made by appellant, and when the motion came on for hearing on February 7, 1947, it failed to appear, whereupon the motion was granted, and the appeal dismissed. On April 9th, the remittitur was filed in the trial court.

In the meantime, and on February 6th, defendant had filed in the trial court a so-called application for relief under Code of Civil Procedure, section 473, setting forth as grounds therefor that at the time the judgment was entered, defendant was under the mistaken belief that there was pending and undetermined a good and valid motion for a new trial, but that in truth and fact there was at said time no good or valid motion for a new trial pending; that the motion for a new trial was filed before the findings were signed and that said error occurred by reason of defendant's mistake, inadvertence, surprise and excusable neglect. The application was supported by an affidavit of defendant's counsel in which he averred that he had misconstrued the provisions of section 659 of the Code of Civil Procedure, and had assumed that his motion for

a new trial had been filed at the proper time, and that not until the motion to dismiss the appeal was served upon him did he examine the record to ascertain the date of the signing and filing of the findings; that since that time he had examined the authorities and had come to the conclusion that the appeal was ineffective "by reason of said mistakes of fact and mistakes of law of affiant"; and that in justice to defendant, the court "should relieve it from affiant's mistakes by setting aside its judgment in the above-entitled case, permitting defendant to file its valid motion for a new trial, and thereafter taking such proceedings as may be required or allowed by law." No copy of any answer, different judgment, or other pleading proposed to be filed accompanied the application.

Hearing on this application was had in the trial court on February 17, 1947. On March 17th, that court denied same, its order reciting that after the filing of defendant's motion for a new trial, and prior to the signing and filing of findings and judgment, the court had advised defendant's attorney that it believed that the motion for a new trial had been filed prematurely, but that said attorney had stated he was satisfied that it had been timely. From that order this appeal was taken, and plaintiff has moved to dismiss the appeal, on the ground that the order from which it was taken is not an appealable order, that the superior court had no jurisdiction to determine the order appealed from and, consequently, this court has no jurisdiction to entertain the appeal.

Opposition to such motion has been filed by appellant which contends that the order appealed from is appealable as "a special order made after final judgment," within the provisions of Code of Civil Procedure, section 963. And in reply to the contention of plaintiff that the trial court had no jurisdiction because of the pendency of the appeal from the judgment, it asserts that it abandoned the former appeal. While it appears from the record that such an abandonment was filed in the trial court, it was not filed until February 21, 1947, *after* its motion to set aside the judgment had been filed in the trial court on February 6th, and heard on February 17th.

That an order denying a proper motion under section 473 of the Code of Civil Procedure is appealable seems to be settled. See *Winslow* v. *Harold G. Ferguson Corp.*, 25 Cal.2d 274, 282 [153 P.2d 714]; *Funk* v. *Campbell*, 15 Cal.2d 250, 251 [100 P.2d 762]; *In re Yoder*, 199 Cal. 699, 702 [251 P. 205]; *Huffaker* v. *Decker*, 77 Cal.App.2d 383, 386 [175 P.2d 254]. But in this case the question arises whether appellant's

motion, purportedly made under section 473, was, in fact, such a motion. Admittedly, said motion was made for the sole purpose of giving defendant a second opportunity to file a motion for a new trial. It is not averred that the *judgment* was taken against defendant because of any inadvertence, mistake, etc., but that, because of what was its counsel's mistaken idea of the law and the state of the record, its original motion for a new trial was abortive. Defendant did not ask that a new or different judgment be entered, but merely that the judgment already entered be set aside and then reentered, in order to permit appellant to do indirectly what it could not do directly, that is, file a second motion for a new trial. Therefore, the order denying the motion was not, strictly speaking, an order denying a motion under section 473, *supra,* to relieve a party from a judgment taken against it through mistake, inadvertence, surprise or excusable neglect, but was in the nature of an order denying a new trial which is not an appealable order. (See *Capuccio* v. *Caire,* 189 Cal. 514, 523 [209 P. 367] ; *Funk* v. *Campbell, supra; Hall* v. *Imperial Water Co.,* 200 Cal. 77, 80 [251 P. 912] ; *Taft* v. *Security-First National Bank,* 139 Cal.App. 228 [33 P.2d 683].)

We are also of the opinion that the appeal should be dismissed for the reason that when appellant's motion was filed and when it was heard in the trial court the original appeal from the judgment was still pending in this court. Generally speaking, the effect of an appeal is to deprive a trial court of jurisdiction until the appeal has been determined and the remittitur from the appellate court has been filed in the trial court; and such court cannot, while its jurisdiction is so suspending, vacate or set aside the judgment. (*Kinard* v. *Jordan,* 175 Cal. 13, 15-16 [164 P. 894] ; *Parkside Realty Co.* v. *Mac-Donald,* 167 Cal. 342, 347 [139 P. 805] ; *Linstead* v. *Superior Court,* 17 Cal.App.2d 9, 12 [61 P.2d 355] ; *Bracey* v. *Gray,* 71 Cal.App.2d 206, 208 [162 P.2d 314] ; 2 Cal.Jur. 415, 417.)

Although the right of an appellant to abandon his appeal at any time before the filing of the record in the appellate court is provided for in rule 19(a) of the Rules on Appeal, which filing operates to "dismiss the appeal and to restore the jurisdiction of the superior court," in this case such jurisdiction had not been thus restored at the time the motion was filed on February 6th, and when it was heard on February 17th. Therefore, the trial court acquired no jurisdiction of that motion, and an appeal from its order confers no juris-

diction upon this court to decide same on its merits. (2 Am. Jur. 851, § 11.)

It may be said, however, in closing, that in our opinion the appeal from the order denying relief under section 473, *supra,* is without merit since appellant made no case for relief; and no abuse of discretion on the part of the trial court appears. (See *Garroway* v. *Jennings,* 189 Cal. 97, 99 [207 P. 554]; *Salazar* v. *Steelman,* 22 Cal.App.2d 402; 408 [71 P.2d 79]; *Kammerer* v. *Marino,* 66 Cal.App. 720, 724 [226 P. 980]; *Neale* v. *Morrow,* 174 Cal. 49, 51 [161 P. 1165]; *Willett* v. *Schmeister Mfg. Co.,* 80 Cal.App. 337, 339-340 [251 P. 932].)

The appeal is dismissed.

Thompson, J., and Peek, J., concurred.