[Civ. No. 18957.   Second Dist., Div. One.   Sept. 25, 1952.]

ALFRED B. CASON, Respondent, v. GLASS BOTTLE BLOWERS ASSOCIATION OF THE UNITED STATES AND CANADA, etc., et al., Appellants.

V. P. Lucas for Appellants.

George D. Higgins for Respondent.

WHITE, P. J.—Plaintiff was a member and president of a local union affiliated with defendant Glass Bottle Blowers Association, a national labor union.  He was suspended from membership in the union by order of the national president

thereof. Following subsequent proceedings before the national union tribunals, plaintiff was denied reinstatement therein.

Thereafter, plaintiff commenced an action against defendant national labor union, an affiliated local, and certain union officials. The trial court found that plaintiff had been denied a fair hearing before the union tribunals, and its judgment awarded him damages as against the union and granted a writ of mandate directing his reinstatement. From such judgment defendants appealed (*Cason* v. *Glass Bottle Blowers Assn.,* 37 Cal.2d 134 [231 P.2d 6]).

In its decision on appeal the Supreme Court affirmed that portion of the judgment awarding plaintiff damages as against the national union, but modified that portion of the judgment relating to the issuance of a writ of mandate ordering plaintiff's reinstatement, by directing the trial court to strike from the judgment all of the paragraph therein relating to the issuance of said writ of mandate, and to insert in lieu thereof the following: "That the clerk of this court is hereby directed to issue peremptory writ of mandate commanding defendants to afford plaintiff a full and fair hearing or to reinstate him to membership in the Glass Bottle Blowers Association of the United States and Canada and in Local Union #190 thereof." As so modified, the judgment was affirmed.

On June 15, 1951, the remittitur of the Supreme Court was lodged in the office of the clerk of the Superior Court of Los Angeles County where it was entered and docketed on June 18, 1951.

Thereafter, on July 27, 1951 a satisfaction of judgment signed by plaintiff and his attorney was filed in the office of the clerk of the superior court, the pertinent part thereof reading as follows: "The judgment herein having been paid, full satisfaction is hereby acknowledged of said judgment entered March 21, 1949, Book 2020, Page 55, of Judgments, in favor of Alfred B. Cason against The Glass Bottle Blowers Association of the United States, and the clerk is hereby authorized and directed to enter full satisfaction of record in said action."

Following the filing of the aforesaid satisfaction of judgment, plaintiff caused to be issued out of the Superior Court of the State of California, in and for the County of Los Angeles, a writ of mandate directing the defendants, the

Glass Bottle Blowers Association of the United States and Canada, James McDonald, Robert Hoye and James Armstrong to appear in department 10 of the court on September 28 to show cause why they should not reinstate the said Alfred B. Cason or give him a fair trial before the tribunals of the national association.

Because the foregoing writ of mandate did not contain the signature of a judge of the superior court of the State of California, but contained the name of the Chief Justice of the Supreme Court of the State of California purportedly authorizing the issuance of the writ, the individual defendants James McDonald, Robert Hoye and James Armstrong filed a notice of special appearance and notice of motion to quash the service of the peremptory writ and to recall the same which said notice and motion were set for hearing September 28, 1951, at the same hour and in the same department as said writ of mandamus directed said defendants to appear.

On September 28, 1951, the return of defendants to the writ of mandate came on for hearing and was continued to October 1, 1951, for further hearing. Upon the latter date a further hearing was had and the matter continued to October 8, 1951.

It appears that these continuances were ordered for the purpose of affording plaintiff an opportunity to file such motions as he deemed advisable. And, on October 4, 1951, plaintiff did file a ''Notice of Motion to Amend Satisfaction of Judgment *nunc pro tunc* under section 473, C.C.P.,'' by correcting the satisfaction of judgment to provide that the same applied only to the money judgment awarded plaintiff and not to that portion of the judgment relating to the issuance of a writ of mandate.

The notice of motion was supported by the affidavits of plaintiff and his attorney. Epitomizing the averments of plaintiff's affidavit, he stated therein that on or about July 25, 1951, in company with his attorney, he ''went to the office of Attorney Joe Crider, by previous appointment, to collect from the surety company the amount of the money judgment and interest awarded to me by this honorable court;

''That the attorney for the defendants herein, Mr. V. P. Lucas, was not present and Attorney Joe Crider conducted the proceedings and presented the papers for the signature of myself and Mr. Higgins.'' Plaintiff further averred ''that before signing said satisfaction of judgment, this affiant

discussed the matter with his said attorney as to whether the satisfaction of the money judgment would affect the judgment and writ of mandate. After discussing the matter, we decided that since the surety company was not interested in the decree of mandamus and was obligated to pay the civil money judgment only, the satisfaction of the money judgment would not apply to nor affect the mandamus proceedings;

"That at the time this affiant signed and acknowledged said satisfaction of judgment, he believed and still believes that said satisfaction applied only, as intended, to the civil money judgment and not to the proceeding and writ of mandamus."

The gist of the affidavit filed by plaintiff's attorney was "That prior to the signing of said satisfaction, the said plaintiff inquired of this affiant if it was proper and 'all right' to sign said satisfaction, and whether the satisfaction of the 'money judgment' would interfere with the writ of mandate, and added, 'If it will interfere with my reinstatement in the union and my return to work at the trade, I will not sign anything.'

"That thereupon this affiant told the plaintiff that in the opinion of this affiant, the signing of said satisfaction was for the purpose of satisfying the civil money judgment only and that it did not affect the equitable proceeding decree in mandamus or the writ of mandate and that it would be safe and proper for him to execute the said satisfaction; that thereupon the plaintiff said, 'O. K., I will sign it,' and accordingly did so."

Following the hearing on October 8, 1951, the court made its order granting plaintiff's motion to amend the satisfaction of judgment *nunc pro tunc* and directed the clerk to note such amendments upon the satisfaction of judgment then on file.

As amended the satisfaction of judgment reads as follows, with the amendments thereto italicized:

"The *money* judgment herein having been paid, full satisfaction is hereby acknowledged of said *money* judgment entered March 21, 1949 Book 2020, Page 55, of Judgments, in favor of Alfred B. Cason and against The Glass Bottle Blowers Association of the United States and Canada, etc., et al., and the Clerk is hereby authorized and directed to enter full satisfaction of record in said action *as to the money judgment only.*"

Appellants earnestly urge that a satisfaction of judgment cannot be amended pursuant to the provisions of section 473 of the Code of Civil Procedure, and that the court acted in excess of its jurisdiction.

It must be conceded that the general principle is well settled that a satisfaction of judgment is the last act and end of the proceeding. But, it is also true that a satisfaction of judgment which has been filed and entered may be set aside by appropriate proceedings for proper cause (15 Cal.Jur. 273). We shall not review the cases cited by appellants because none of them holds that relief may not be obtained under section 473 with reference to a satisfaction of judgment, and in all of them it appeared that the satisfaction was executed after the signer had been fully or fairly advised of its true legal effect.

In view of the nature of the action now before us, we are persuaded that it is at once apparent that the satisfaction here involved was not a sufficient acknowledgment by plaintiff that he had received from the defendants all of the benefits to which he was entitled by the judgment. And defendants were not prejudiced by the action of the court. They took no part in the negotiations leading up to or at the time the satisfaction of judgment was signed. This was handled entirely by the attorney for the surety company who was interested only in satisfying the money award contained in the judgment and for the payment of which the surety company was apparently responsible.

Appellants contend that the only way the satisfaction of judgment could be attacked would be by a motion to set the same aside and that such a motion would have to be supported by an equitable showing. Under the facts of the case at bar we are impressed, however, that under the expressed opinion of the courts that section 473 of the Code of Civil Procedure should be liberally construed to meet the ends of justice, the court below did not exceed its jurisdiction but exercised a reasonable and legal discretion in consonance with the foregoing views expressed by our courts when considering the applicability of section 473 of the Code of Civil Procedure.

As heretofore pointed out, the action taken by the court did not result in prejudice to the extent that appellants were deprived of a substantial right, nor were they placed in a position where it may be said that they were deprived of a

fair hearing upon the portion of the judgment having reference to the writ of mandate.

Finally, appellants urge that the affidavits in support of the motion are insufficient in substance to bring the proceeding within the purview of section 473 of the Code of Civil Procedure.

In this regard appellants earnestly insist that the mistake of an attorney justifying relief under section 473 of the Code of Civil Procedure must be other than that arising from mere ignorance of the law. However, we are not here confronted with a situation wherein the attorney for respondent could readily and easily have ascertained the legal effect of the document in question by taking the trouble to read the provisions of the codes or decisions of the courts as was the case in *Kammerer* v. *Marino*, 66 Cal.App. 720 [226 P. 980]; *Shearman* v. *Jorgensen*, 106 Cal. 483 [39 P. 863]; *Garroway* v. *Jennings*, 189 Cal. 97 [207 P. 554], and *Porter* v. *Anderson*, 14 Cal.App. 716 [113 P. 345], relied upon by appellants.

We are satisfied that the circumstances surrounding the instant case present a situation or condition wherein respondent was unexpectedly placed to his injury, without any default or negligence of his own or his attorney, which ordinary prudence could have guarded against. Under sections 1576 and 1578 of our Civil Code, mistake of law is, under certain conditions made a ground for relief equally with mistake of fact. And we are persuaded that the situation with which we are here confronted presents facts which must be held to amount at least to proof of mistake of law.

In the case at bar there were two separate awards in the judgment—one a money judgment, and the other a writ of mandate commanding appellants to grant respondent a fair trial before the duly established tribunals of the national union. It is certainly a debatable question as to whether the satisfaction of judgment entered herein, prepared by the surety company, was intended to or did discharge appellants from their obligation under the judgment, other than the award therein of a specific amount of money. Where, as heretofore pointed out, appellants will suffer no prejudice, we are persuaded that the jurisdiction of the court to make the challenged order and the sufficiency of the affidavits in support thereof must be sustained, in the light of the announced and approved spirit of liberality that is to be indulged by

courts to the end that there may be a complete and just determination of civil actions.

For the foregoing reasons the order appealed from is affirmed.

Doran, J., and Drapeau, J., concurred.

A petition for a rehearing was denied October 23, 1952, and appellants' petition for a hearing by the Supreme Court was denied November 20, 1952.