Filed 4/29/16  Tsang v. Roberts CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| SUSIE TSANG, | |
| Plaintiff and Appellant, | G050359 |
| v. | (Super. Ct. No. 30-2012-00586613) |
| KENNETH A. ROBERTS, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Gregory H. Lewis, Judge.  Affirmed.

Susie Tsang, in pro. per., for Plaintiff and Appellant.

Hollins & Levy, Byron S. Hollins, Laura M. Levy, and Adam L. Robinson for Defendant and Respondent.

\*          \*          \*

Plaintiff Susie Tsang appeals from the court's order denying her Code of Civil Procedure section 473 motion to set aside the dismissal of her action against, and her settlement agreement with, her former attorney, defendant Kenneth A. Roberts.[1] We affirm the court's order.

FACTS AND PROCEDURAL HISTORY

According to the parties' appellate briefs, defendant represented plaintiff in a dental malpractice action, which she lost when summary judgment was entered against her.

In July 2012, plaintiff sued defendant for professional negligence. At an October 2, 2013 hearing in the case, with plaintiff present and represented by Ernest J. Franceschi, Jr., the court ruled, inter alia, on defendant's motions in limine Nos. 4 through 8.[2] The court then stated that, in its opinion, "plaintiff has made a major error in [failing] to obtain a legal malpractice expert. . . . [¶] This case may well wind up with the granting of a nonsuit . . . ." At the court's request, the attorneys for both parties met with the court in chambers. Back on the record, Franceschi stated plaintiff had agreed "to accept the defense 998 offer in the amount of $20,000" in full settlement of the case. In response to the court's detailed questioning, plaintiff stated she understood and agreed to the settlement and that she realized she was thereby giving up her constitutional right to a

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise stated.

[2] We granted defendant's motion to augment the record with his opposition to plaintiff's section 473 motion, including the exhibits and declaration that supported his opposition. One such exhibit is an excerpt from the reporter's transcript of the October 2, 2013 hearing, i.e., a partial transcript.

jury trial, as well as her statutory right to ever bring any claims against defendant based on the facts of this case.

In February 2014, plaintiff moved to set aside the settlement agreement and the dismissal of her case. Her motion alleged that (1) defendant's motion in limine falsely alleged she spoiled evidence, which false allegation was intended to induce her into accepting the $20,000 settlement; and (2) her own counsel, Franceschi, suppressed facts from her and induced her into accepting the settlement.

In plaintiff's reply to defendant's opposition to her motion, she clarified that her motion was "not based on Mr. Franceschi's malpractice," but, rather, was made under section 473, subdivision (b), on grounds that Franceschi withheld critical information from her and pressured her under duress to agree to the settlement "without explaining the case to her." Plaintiff also alleged defendant had failed to return her dental models to her after completion of the dental malpractice case, and had failed to tell her the models were still in the custody of a dental expert. She alleged defendant's motion in limine no. 4 "used" the models to falsely accuse her with spoilation of evidence.

Defendant's opposition to plaintiff's section 473 motion was supported by his attorney's declaration, which stated, inter alia, that defendant's motion in limine No. 4 "sought to have plaintiff's case dismissed as a result of her spoliation of evidence and motion in limine no. 7 . . . sought to have plaintiff's dental molds that she failed to produce in discovery excluded."

The court denied plaintiff's section 473 motion, stating, in part: "Plaintiff failed to establish the proper basis for relief under [section 473, subdivision (b)]. Plaintiff settled this case on the record in open court. Plaintiff was advised that the settlement ended her opportunity to try her case. She signed a release. The settlement check was delivered to her attorney. The motions in limine (Nos. 4 & 7) were denied. Therefore, these motions did not affect the outcome of the case. There is no declaration of attorney

3

fault. Plaintiff freely entered into the settlement. The fact that Plaintiff is dissatisfied with her attorney's [*sic*] does not justify relief. . . .'"[3]

DISCUSSION

Plaintiff alleges Franceschi forcefully pressured her to accept defendant's settlement offer and that she accepted Franceschi's advice by mistake without having a chance for independent investigation. She alleges that after Franceschi returned a partial case file to her on October 3, 2013, she had her first chance to review "the facts of the case to discover she was utterly betrayed by Franceschi," who had kept her in "ignorance." She contends actual fraud is a ground "for a motion to set aside," citing "Code § 21." She further contends she accepted the settlement offer "by mistake" within the meaning of section 473 and that her mistake was excusable. She also faults defendant for issuing the check for $20,000 to "'Susie Tsang and Her Attorney Franceschi Law Corporation,'" and contends defendant is thereby judicially "estopped from receiving any benefits from the settlement" and has committed promissory fraud. She contends she was prejudiced by defendant's allegedly false accusation she spoiled evidence and withheld her dental models.[4]

---

[3] Plaintiff asserts the court denied her section 473 motion as untimely, and faults Franceschi for the delay. Nothing in the record supports that assertion. The dismissal was filed on October 17, 2013. Plaintiff's motion to set aside the dismissal was filed on February 27, 2014, just over four months later, well within the six-month limit under section 473. The court's order detailed several independent, substantive grounds for its denial of her motion and is not grounded upon a lack of timeliness.

[4] Plaintiff asserts defendant's settlement offer was made under section 998 and contends he failed to make his offer at least 10 days before trial. She has failed to provide an adequate record to support her assertion.

In her reply brief, plaintiff raises the issue that the court failed to offer her a translator at the hearing on her section 473 motion. "[W]e will not address arguments

4

Under section 473, subdivision (b), a "court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect." The party seeking relief "bears the burden of proof in establishing a right to relief." (*Hopkins & Carley v. Gens* (2011) 200 Cal.App.4th 1401, 1410.) The moving party must show a satisfactory excuse for the mistake. (*Ibid*.) "Neither mistake, inadvertence, or neglect will warrant relief unless upon consideration of all of the evidence it is found to be of the excusable variety." (*Conway v. Municipal Court* (1980) 107 Cal.App.3d 1009, 1017.) "'A ruling on a motion for discretionary relief under section 473 shall not be disturbed on appeal absent a clear showing of abuse.'" (*Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 257.)

At the outset, we note plaintiff has failed to abide by three rules that an appellant must follow. First, the appellant must include all "significant facts" in his or her brief, as opposed to only favorable evidence. (Cal. Rules of Court, rule 8.204(a)(2)(C).) Failure to state all of the evidence fairly in the brief waives the alleged error. (*Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881; *Schmidlin v. City of Palo Alto* (2007) 157 Cal.App.4th 728, 737-738.) Second, because an appellant bears the burden of affirmatively demonstrating error (*State Farm Fire & Casualty Co. v. Pietak* (2001) 90 Cal.App.4th 600, 610), the appellant must provide the reviewing court with a record adequate to evaluate his or her contentions (*Aguilar v. Avis Rent A Car System, Inc.* (1999) 21 Cal.4th 121, 132). Third, a brief must contain reasoned argument and legal authority to support its contentions or the court may treat the claim as waived. (Cal. Rules of Court, rule 8.204(a)(1)(B); *People v. Stanley* (1995) 10 Cal.4th 764, 793.) That a party is in propria persona does not excuse compliance with these requirements. (See *Stokes v. Henson* (1990) 217 Cal.App.3d 187, 196.)

raised for the first time in the reply brief [citation] . . . ." (*Provost v. Regents of University of California* (2011) 201 Cal.App.4th 1289, 1295.)

Nonetheless, we address the merits of plaintiff's appeal. On appeal plaintiff attempts to ground her section 473 motion on her own mistake. But her section 473 motion failed to particularly identify or describe her mistake. Plaintiff's appellate briefs suggest the purported mistake is that she agreed to the settlement before she learned of Franceschi's professional errors; i.e., that he had failed to designate a legal expert or "to submit written estimates for her future medical treatments."[5] She claims Franceschi "accepted" the settlement offer in order to insulate himself from malpractice claims. She asserts Franceschi threatened her in the court hallway "with fear of losing her case, or [having to pay defendant's] legal fees if she failed to accept a [section] 998 offer."

These averments suggest there was no mistake on plaintiff's part; rather, she agreed to settle her case for the valid reason that she risked losing. "'''A mistake exists when a person, under some erroneous conviction of law or fact, does or omits to do some act which, but for the erroneous conviction, he would not have done or omitted.'" (*Salazar v. Steelman* (1937) 22 Cal.App.2d 402, 410.) "'A mistake of fact exists when a person understands the facts to be other than they are . . . .'" (*H. D. Arnaiz, Ltd. v. County of San Joaquin* (2002) 96 Cal.App.4th 1357, 1368.)

Plaintiff's malpractice claims against Franceschi are a separate matter and not a valid ground for section 473 relief. "[T]he discretionary relief provision of section 473 only permits relief from attorney error 'fairly imputable to the client, i.e., mistakes anyone could have made.' [Citation.] 'Conduct falling below the professional standard of care, such as failure to timely object or to properly advance an argument, is not therefore excusable. To hold otherwise would be to eliminate the express statutory requirement of excusability and effectively eviscerate the concept of attorney

---

[5] In fact, plaintiff was present in the courtroom when the court discussed the lack of a legal malpractice expert and ruled her own testimony on future medical treatments was inadmissible.

6

malpractice.'" (*Zamora v. Clayborn Contracting Group, Inc.*, *supra*, 28 Cal.4th at p. 258.)

The court did not abuse its discretion by denying plaintiff's section 473 motion.[6]

DISPOSITION

The court's postjudgment order is affirmed.  Defendant shall recover costs on appeal.


IKOLA, J.

WE CONCUR:


MOORE, ACTING P. J.


THOMPSON, J.

---

[6] We deny plaintiff's request for an award of her costs on appeal, punitive damages, and monetary sanctions.