[Civ. No. 25803.   Second Dist., Div. Four.   Sept. 24, 1962.]

BARBARA TRUE NECESSARY, Plaintiff, Cross-defendant and Respondent, v. WILLIAM H. NECESSARY, Defendant, Cross-complainant and Appellant.

Ball, Yudelson, Brown & Di Giuseppe and Collman E. Yudelson for Defendant, Cross-complainant and Appellant.

Svenson & Garvin and Harold W. Svenson for Plaintiff, Cross-defendant and Respondent.

JEFFERSON, J.—This is an appeal from an order entered in a divorce action granting plaintiff's motion to set aside her default, the entry of default and the interlocutory judgment.

On January 13, 1960, plaintiff filed a complaint for divorce on the grounds of extreme cruelty and infliction of grievous mental suffering. Following filing of the complaint, the parties negotiated through their attorneys with respect to a property settlement. It was contemplated that the action would be heard as a default matter and that custody of the minor children would be awarded to plaintiff. During the interim the children remained with plaintiff, their mother, and were visited by defendant in the family home.

On May 14, 1960, defendant, accompanied by three other men, entered the family residence and found plaintiff in a compromising situation. Four days later defendant filed his answer and cross-complaint for divorce. This was four months after plaintiff's complaint had been filed and during which time no default of defendant had been entered.

After the incident of May 14, 1960, plaintiff was advised by her attorney there was little hope for her to secure a fair division of the community property by settlement. He said that he was disgusted with her case and that she would have to work things out for herself. Defendant told plaintiff he

was going to get all the property and obtain custody of the children, and if she did not agree to such an arrangement he would and could prevent her even from visiting the children.

Plaintiff prevailed upon her attorney to enter into a property settlement by which she was to receive one dollar per month for support and $4,500 of the community property which was valued at approximately $40,000. This settlement is in contrast to their previous negotiations under which defendant had offered support in the amount of $375 per month and $17,000 of community property and plaintiff had offered to accept $450 per month and $20,000 representing one-half of the community property. By stipulation plaintiff agreed to withdraw her complaint and have the matter heard on defendant's cross-complaint whereby custody of the minor children would be awarded to defendant. On October 24, 1960, default was entered, and on December 8, 1960, the interlocutory decree was granted.

On December 15, 1960, plaintiff secured new counsel. A notice of rescission was served and a motion was filed to set aside the default, entry of default, and the interlocutory decree. The matter was heard upon affidavits. On March 31, 1961, the court entered an order granting the motion.

Defendant's contentions on appeal are all based on the conclusion that plaintiff's motion was pursuant to section 473 of the Code of Civil Procedure. However, the motion was also based upon fraud allegedly perpetrated by defendant upon plaintiff.

Section 473 provides for relief from judgments taken against a party through mistake, inadvertence, surprise or excusable neglect. It is not necessary to decide whether relief under this section would be proper in the case at bar because a review of the affidavits reveals that relief on the basis of fraud was entirely justified. [■■ A trial court has inherent power to set aside a judgment obtained through fraud committed upon the other party or the court, and its right to do so is not derived from section 473 of the Code of Civil Procedure. (*Aldrich* v. *Aldrich*, 203 Cal. 433 [264 P. 754]; *Rhea* v. *Millsap*, 68 Cal.App.2d 449 [156 P.2d 941].)

■■ "In a matter in which an issue is tried on affidavits, the rule on appeal is that those affidavits favoring the contentions of the prevailing party establish not only the facts stated therein but also all facts which reasonably may be inferred therefrom. [Citation.]" (*Baratti* v. *Baratti*, 109 Cal.App.2d 917, 922 [242 P.2d 22].) ■■ Construing the

facts set forth in the affidavits in the manner most favorable to the party who prevailed in the trial court, as this court is required to do on appeal, there is substantial evidence to support the contentions of plaintiff. In summary they showed that plaintiff had been suffering from emotional disturbances prior to the separation of the parties, and following the separation plaintiff received professional help. Defendant had revealed to plaintiff that he had been associating with another woman. Defendant assured plaintiff that the only thing wrong with this extramarital affair was plaintiff's immature attitude toward it. He told plaintiff she should seek out other male companionship herself. Plaintiff thereupon did seek the companionship of another man in the belief that the reason for her abnormal emotional and mental condition was an erroneous philosophy of life. She felt that perhaps she should be more like her husband's paramour.

During the period of separation, defendant on numerous occasions visited the children at the family residence where plaintiff was living with the children. From his observations defendant was led to believe that plaintiff was seeing another man in the family home. Defendant employed a detective to assist him, which led to the incident of May 14, to which we have previously alluded.

The affidavit of plaintiff's psychological counselor states that the impact of the incident of May 14 upon her already unstable emotional condition destroyed in her own mind any right that she may have had to money or any other consideration in the divorce proceedings. A medical doctor employed by defendant to treat plaintiff for her emotional disturbances states in his affidavit that between May of 1960 and the end of the year plaintiff was in no mental state to make any decision that might have a long-term effect on herself. He found that she was beset with guilts of an inordinate degree, exhibited a willingness to be stepped on, and had a total disconcern for her own welfare. In his opinion she was in a state of schizophrenic reaction; a paranoid of a low degree. A second medical doctor, one retained by the state unemployment division to examine plaintiff to determine her ability to perform regular work, stated that tests administered by him indicated plaintiff to be suffering from a severe emotional disturbance characterized by depression with paranoid symptoms.

Immediately following the incident of May 14, 1960, defendant represented to plaintiff that he was now in position to

get custody of the children and that he could and would deprive plaintiff of any right to visit them unless she would agree to his terms of nominal support and a token share of their community property. The affidavits reveal that defendant was fully aware of the state of plaintiff's mental confusion at the time that he pressed for an unconscionable advantage over her.

Even where the showing of fraud is not strong, or where there is doubt as to its existence, the matter should be resolved in favor of the party seeking to set aside the default divorce decree. As stated in *Rehfuss* v. *Rehfuss*, 169 Cal. 86, 92 [145 P. 1020] : "In an action for divorce, upon very slight showing the court will set aside a default, . . . . It is the duty of the court, representing the state, in accordance with the letter and policy of the law, to guard strictly against fraud, collusion, or imposition when the husband or wife seeks to dissolve the bonds that bind them together."

A harsh default judgment under which there is a grossly disproportionate division of the community property, inadequate support payments, and minor children taken away from a parent, should be vacated without hesitation in order to allow the case to be heard and determined on its merits. (*Garcia* v. *Garcia*, 105 Cal.App.2d 289, 291 [233 P.2d 23].)

The order setting aside the default, entry of default, and the interlocutory decree is affirmed.

Burke, P. J., and Ford, J.,* concurred.

---

*Assigned by Chairman of Judicial Council.