680

[Civ. No. 27376.    Second Dist., Div. Two.    April 28, 1964.]

MARY ALICE FAYAD, Plaintiff and Respondent, v.
GEORGE FAYAD, Defendant and Appellant.

Apple & Cohen, Irving D. Apple and Theodore A. Cohen
for Defendant and Appellant.

Raymond R. Farrell and Earle William Burke for Plaintiff
and Respondent.

ROTH, J.—On October 25, 1962, a default judgment of
divorce was entered against appellant. The decree divided the

community property of the parties,[1] ordered the appellant to pay one dollar a month alimony, and awarded the custody of the two minor children to the respondent.

On November 7, 1962, appellant, pursuant to Code of Civil Procedure, section 473, moved for an order to set aside the default, for an order vacating the judgment, and for an order granting leave to file an answer and cross-complaint. A proposed verified answer and cross-complaint and points and authorities and the declaration of the appellant in support of his motion were also filed at this time. The motion was denied, November 20, 1962.

On December 27, 1962, appellant moved for reconsideration of the order of November 20. This motion was supported by all the documents used on the original motion and by additional points and authorities. It was denied on January 17, 1963.

The appeal is from the minute order of November 20, 1962, and the minute order of January 17, 1963.

Appellant's declaration admitted service of a copy of the summons and complaint but urges that the default be set aside because the parties, after the complaint was filed on August 15, 1962, continued to live together as man and wife to and through October 25, 1962, and that during that period, when appellant asked how the divorce proceedings were coming along, the respondent answered: "let's try and see if we can get back together again, and if we can't make a go of it, we will go back to Court," and specifically that on the weekend of October 7, the parties, for the purpose of cementing their reconciliation, went to a hotel in Monterey, registered as husband and wife in the same room and had sexual relations. Appellant urges that these facts are sufficient to show mistake, inadvertence, surprise and excusable neglect under section 473 of the Code of Civil Procedure.

Respondent's opposing declaration denied any reconciliation; denied any sexual relations with the appellant subsequent to the filing of the complaint, but omits any denial of spending the weekend with appellant in Monterey; denies that she had told him the divorce proceedings had been dropped; and declared that the appellant had adequate no-

---

[1]Appellant was awarded: a Triumph automobile, and $1,000 held by the Musicians' Credit Union. Respondent was awarded: a Buick (1959), the household furnishings, and the family home, the encumbrances to be paid by respondent. A $2,300 savings account was not divided.

tice of the pending trial date. Supporting respondent's position is a declaration by her daughter who declared that she slept in the same bed and bedroom with the respondent during the period after the filing of the complaint in which appellant remained in the marital domicile and that appellant occupied a separate bedroom. In addition, there was a letter from respondent's doctor declaring her to be physically unable to engage in sexual relations during a substantial portion of the period in question. No objection was made to the admission of this letter.

Appellant argues that defaults in divorce cases should be set aside on a slight showing on their merits. (*Buck* v. *Buck*, 126 Cal.App.2d 137 [271 P.2d 628].)

■ It is settled however, that a defendant in a divorce proceeding does not have a right to set aside a default as a matter of course. (*Berset* v. *Berset*, 126 Cal.App.2d 684 [272 P.2d 868].) The appellant must show his right by a preponderance of the evidence. (*Elms* v. *Elms*, 72 Cal.App.2d 508, 519 [164 P.2d 936].) ■ If there is a conflict in the testimony or declarations, it is for the trial court to resolve and its determination is conclusive on appeal. (*Luz* v. *Lopes*, 55 Cal.2d 54 [10 Cal.Rptr. 161, 358 P.2d 289].)

■ All of the facts before us and all of the points of law now urged were twice argued before the trial court.

Appellant's answer merely denied the allegations of the respondent's complaint. His cross-complaint alleged extreme cruelty, that he was a fit and proper person for custody of the children, and prayed for an equitable division of the community property and custody of the children. The rule enunciated in *Buck* v. *Buck, supra,* and the other cases relied upon by appellant, clearly has no application to the facts of this case since appellant shows no facts indicating a harsh judgment. (Cf. *Kesselman* v. *Kesselman,* 212 Cal.App.2d 196 [27 Cal.Rptr. 769] ; *Necessary* v. *Necessary,* 207 Cal.App.2d 780 [24 Cal.Rptr. 713].)

The orders are affirmed.

Herndon, Acting P. J., and Kincaid, J. pro tem.,* concurred.

---

*Retired judge of the superior court sitting pro tempore under assignment by the Chairman of the Judicial Council.