[Civ. No. 5823. First Appellate District, Division Two.—August 20, 1927.]

CHARLES MOSKOWITZ, Respondent, v. WILLIAM McGLINCHEY, Appellant.

Cooley & Gallagher for Appellant.

Jos. F. O'Malley for Respondent.

KOFORD, P. J.—This is an appeal by the defendant from an order of the court below denying defendant's motion to set aside a default judgment. The motion was heard upon affidavits under the provisions of section 473 of the Code of Civil Procedure. The facts as shown by the affidavits were briefly as follows: Defendant herein was a defendant in a criminal prosecution in the police court growing out of the same automobile accident involved in this action. On the trial of that case one of the attorneys for

the defendant and appellant herein was attorney for the defendant therein and the attorney for the plaintiff and respondent herein was special prosecutor. After that trial was concluded and the parties came into the street plaintiff's attorney approached the automobile in which the defendant herein was seated with his counsel and handed defendant a copy of a complaint and summons in this action, stating, "here is a summons for you" (disputed). Defendant's counsel immediately took from defendant's hands the paper served on him, opened it (disputed), and called out objections to the service, claiming the copy of summons was unsigned by the county clerk and demanding that the original summons be exhibited to the defendant. He took the summons over to the automobile of plaintiff's attorney, told him that the service was not good, and threw the summons on or at the plaintiff's automobile. He then returned to defendant's automobile and told the defendant not to pay any attention to the document. At least for the purposes of this appeal it is conceded now by appellant that this advice was erroneous and that the service was good. Defendant did nothing more concerning the matter but followed the advice of the attorney and paid no attention to the document. His default was taken October 20, 1924, and judgment some time thereafter was entered in favor of plaintiff. Immediately before the expiration of the period of six months a motion was made to be relieved from the default judgment.

While the affidavits are conflicting, they sustain the conclusion that the defendant knew he had been handed a summons in a civil action. ▮ Although his attorney had not yet been employed to represent or advise him in this case, defendant accepted and acted upon the advice given him and we cannot see that this circumstance puts him in a more favorable position than if he had employed and paid an attorney for advice or in a more favorable position than if he had acted for himself in the same manner. In either case it was a mistake of law in thinking that the service was invalid. Numerous cases have been cited in which relief from judgments occasioned by mistake of law has been either granted or denied.

The authorities in which the trial court's order is affirmed are in large part governed by the principle that a sound

discretion is left to the trial court in determining the facts and in granting or refusing relief. Those ᶜauthorities in which the orders affirmed grant relief are governed in large part by the additional principle that courts favor a trial upon the merits. There are two cases, however, in which the trial court's determination of an application for relief upon the ground of mistake of law has been reversed. In *Shearman* v. *Jorgensen,* 106 Cal. 483 [39 Pac. 863], the trial court *granted* relief for the mistake of an attorney in believing that notice of overruling demurrer served by mail was unauthorized. This order granting relief was reversed as an abuse of discretion. On the other hand, in *Waite* v. *Southern Pacific Co.,* 192 Cal. 467 [221 Pac. 204], the trial court *refused* relief applied for on the grounds of mistake of law in believing that the federal and not the state court had jurisdiction of the action. This order denying relief was reversed as an abuse of discretion. In the former of these two cases a mistake of law was held inexcusable and in the latter excusable. The facts of the two cases have differences as well as similarities. There are differences in the difficulty of the legal question erroneously decided, in the manner of solving it and in the reasons and motives that actuated counsel in not resolving the question in the direction of safety.

█ This case should be governed by the principle of *Shearman* v. *Jorgensen, supra,* and by those authorities which uphold the discretion as exercised by the trial court.

Judgment affirmed.

Sturtevant, J., and Nourse, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 17, 1927.