[Civ. No. 8814. Second Appellate District, Division One.—February 18, 1935.]

DOLORES SALAZAR, Respondent, v. SAMUEL STEEL-MAN, Appellant.

Wm. B: Ogden for Appellant.

Roger Marchetti and A. V. Falcone for Respondent.

ROTH, J., *pro tem.*—In this case suit was brought on a promissory note. The note pleaded *in haec verba* recites that it is secured by a deed of trust. The answer pleaded, the evidence in the case showed, and the court found that it was in fact so secured. There are no allegations in the complaint, nor was there any evidence upon which findings could be made and there are no findings that

the security was exhausted or had become valueless, or that the trust deed or note contained any covenants giving to the plaintiff, respondent here, the right to bring an independent action on the note. There is nothing in the pleadings or in the record on appeal which indicates that the respondent waived her security, neither can the action be deemed an attempt to foreclose the trust deed by judicial sale.

At the time the case was being tried, the law, as ultimately enunciated in *Bank of Italy etc. Assn.* v. *Bentley,* 217 Cal. 644 [20 Pac. (2d) 940], was in the throes of delivery. As finally decided that case holds that an independent action cannot be brought on a promissory note secured by a trust deed, when the facts are as detailed above.

■ The answer alleged a separate defense, the purpose of which it is true was not to plead the trust deed and its effect. This separate defense, however, does plead the execution of the trust deed and alleges the fact that it was executed contemporaneously with the execution of the promissory note and as security therefor. The court made a finding that this was a fact. Whatever the purpose of the separate defense, it pleaded enough facts to make a good defense predicated on the theory of security alone. It is apparent, therefore, that the doctrine of *Kempton* v. *Appellate Division of the Superior Court,* 3 Cal. App. (2d) 374 [39 Pac. (2d) 846], does not apply, and that the complaint upon its face and the facts show that the action was prematurely brought.

The judgment must be and it is hereby reversed.

Conrey, P. J., and York, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 18, 1935.