[Civ. No. 19735.   Second Dist., Div. Three.   July 26, 1954.]

BETTE LA VERNE BERSET, Respondent, v. ELMER J. BERSET, Appellant.

James S. Duberg, Caryl Warner and Ridgeway Sutton for Appellant.

Krag & Sweet and David T. Sweet for Respondent.

SHINN, P. J.—Defendant appeals from a default judgment which awarded plaintiff a divorce, custody of a 5-month-old child, $75 per month for support of the child, $1.00 per month for her own support, attorneys' fees and costs, and the community property, consisting of $350 worth of furniture and a life insurance policy for $1,700. He also appeals from an order denying his motion to vacate his default.

As concerns the judgment respondent concedes that a certain provision, to be mentioned later, granted relief in excess of the demands of the complaint, and should be stricken.

Summons was issued October 24, 1952; personal service was made on defendant and summons was returned November 17, 1952. Default was entered November 20, 1952. On January 16th notice was given of a motion to be heard January 23d to vacate the default. The matter was heard on defendant's affidavit. It was averred that prior to service of summons and complaint defendant had petitioned the children's court of conciliation for a hearing ''in an attempt to save the marriage of the parties to the within action.'' A hearing was had November 24th; the result of the hearing was not stated; defendant understood that it was not necessary to answer the complaint; he was upset and nervous; ''[t]hat in addition thereto defendant had no confidence in his ability to decipher legal jargon and believed that the summons contained same and that he would not understand same even if it were read by him; . . . [t]hat affiant is informed and believes that he has good and meritorious defense to the above entitled action after being so informed by his attorneys, Guerin & Guerin, after having related the facts concerning same to said attorneys, and said defendant is informed and believes that he has a good and meritorious cross-complaint in said action, based upon the foregoing relation by him of the facts of the instant action to his attorneys and their advising him thereof.'' With the motion defendant tendered a proposed answer and a cross-complaint. In both he accused plaintiff of cruelty and desertion and by the cross-complaint he sought a divorce, custody of the child and an award of the community property.

Although it is our opinion that the ends of justice are better served when the court has an opportunity to hear both sides of the controversy, especially in divorce cases, it does not follow that every failure of a defendant to answer the complaint in a divorce case is legally excusable.

Defendant did not state in his affidavit the time when he petitioned the children's court of conciliation but it may be assumed that it was after plaintiff had filed suit. It does appear, however, that he knew his default had been taken before the hearing of November 24th, which is the only one mentioned in the affidavit. Defendant says he understood from what occurred before the commissioner that it was unnecessary for him to answer the complaint, but he stated no facts or reason for such belief. Since he refrained from any mention of what took place at the hearing, the court, on his motion to vacate the default, could properly have

assumed that nothing took place which deceived him or excused his failure to answer. The affidavit did not state that he was not represented by counsel in the conciliation court, nor when he first consulted counsel. There was no suggestion in the affidavit that defendant believed his wife would abandon or delay prosecution of her action. Moreover, defendant was not seeking the right to be heard at the time of trial in resistance of his wife's prayer for a divorce, and in order to preserve the marriage, but by his cross-complaint he would have pressed his own claim for a divorce, the custody of an infant child and an award to himself of the household furniture.

We think the court should be more willing to vacate a default in a divorce case where the defendant manifests a bona fide desire to have the marriage preserved than where he merely wishes to be the prevailing party, and there is little else in controversy. The matter of the child's custody, of course, was highly important but if defendant had doubted his wife's fitness to have custody he would naturally have been diligent to assert that he had a better right. In his proposed cross-complaint he did not allege his wife's unfitness to have custody of the infant. There was a minimum of community property involved.

There was no substantial showing of excusable neglect to make an appearance in the action. A defendant who has "no confidence in his ability to decipher legal jargon" in a summons, even "if it were read by him," knows that he should consult a lawyer. If he neglects to do so he cannot plead ignorance of the contents of the summons.

Defendant says the decision in *Karlein* v. *Karlein,* 103 Cal. App.2d 496 [229 P.2d 831], is controlling. We readily agree that the facts of that case made it the duty of the trial court to vacate the default and judgment but they were quite different facts, as were those in *DeMello* v. *DeMello,* 124 Cal. App.2d 135 [268 P.2d 26].

In order to hold the order in question to be an abuse of discretion we would have to say, in effect, that a defendant in a divorce case has a right, as of course, to have a default vacated at any time before trial. If this would be good law it is for the Legislature to declare it. It has always been a discretionary matter with the trial court and its ruling must stand in the absence of an abuse of discretion. Although we believe that the trial courts should show the greatest liberality in actions for divorce we conclude that

no abuse of discretion has been shown in the present case.

The provision of the judgment which is conceded to be in excess of the court's jurisdiction because it exceeded the relief prayed for ordered defendant to pay Bank of America, $538; Security-First National Bank, approximately $106; Home Furniture Company, approximately $63; Equitable Life Assurance Society, $485, and A. B. Chubbic, $145.

The judgment is modified by striking out the provision last referred to.

The order denying motion to vacate defendant's default, and the judgment as modified, are affirmed.

Wood (Parker), J., and Vallée, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 16, 1954.