[Civ. No. 23883.   Second Dist., Div. One.   Nov. 9, 1959.]

FIDELITY FEDERAL SAVINGS AND LOAN ASSOCIATION OF GLENDALE (a Corporation), Respondent, v. CARL LONG, Appellant.

———

*Assigned by Chairman of Judicial Council.

Howser, Coughlin & Schmitt and William N. Bowie, Jr., for Appellant.

Davidson, Tyrell & Davidson for Respondent.

LILLIE, J.—On March 18, 1958, plaintiff sued Construction Sales, Inc., a California corporation; Carl Long, one of its officers and appellant herein, and Maria R. Long, on a

promissory note. Service of summons and complaint having been made on Long and he not having appeared in the action his default was entered April 23, 1958. A few days less than six months later, on October 15th, appellant filed a notice of motion to set aside the default under section 473, Code of Civil Procedure. After a hearing thereon an order was entered denying the motion from which this appeal has been taken.

In the affidavits filed in support of the motion it is conceded that Long, as an officer of the corporation, was engaged in a construction business financed by loans to the corporation's customers by plaintiff; that he made false representations to plaintiff that certain construction had been completed, resulting in a loss to plaintiff of $90,000, which was evidenced by a promissory note executed by Long, the basis of the cause of action alleged in plaintiff's complaint; that the promissory note recited that it was being given to secure payment of an indebtedness arising out of Long's wrongful appropriation of money and "is not dischargeable in bankruptcy"; that on March 27, 1958, an involuntary petition in bankruptcy was filed against Long by his creditors and four months later, on July 29, he consented to an adjudication in bankruptcy; and that the bankruptcy court on his application restrained the further prosecution of the within action pending the conclusion of his efforts to vacate the default.

Urging a reversal of the order on the ground that the trial court abused its discretion in denying the motion to set aside the default, appellant contends that he had a meritorious defense to the main action but did not appear therein because he was mistaken as to the legal effect of a certain recital in the promissory note, and that he acted with diligence in seeking relief from the default.

■ The lower court has discretionary power to decide the issue growing out of a motion for relief under the remedial provisions of section 473, Code of Civil Procedure, and its exercise thereof will not be disturbed by an appellate tribunal unless there is a clear showing of abuse (*McNeil* v. *Blumenthal*, 11 Cal.2d 566 [81 P.2d 566]; *Brill* v. *Fox*, 211 Cal. 739 [297 P. 25]; *Tearney* v. *Riddle*, 64 Cal.App.2d 783 [149 P.2d 387]). The record before us admits no finding of abuse of discretion of the court below.

Section 473, Code of Civil Procedure, authorizes a trial court "upon such terms as may be just (to) relieve a party or his legal representative from a judgment, order, or other

proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect.''

It was, and still is appellant's main contention that he failed to appear in the within action because of his mistaken belief that the recital in the promissory note that it "is not dischargeable in bankruptcy" precluded the defense of a discharge of the debt in bankruptcy; and he relies upon this "mistake of law" to relieve him from his default, citing *Brill* v. *Fox*, 211 Cal. 739 [297 P. 25], and *Svistunoff* v. *Svistunoff*, 108 Cal.App.2d 638 [239 P.2d 650].

In the trial court the parties presented various affidavits in support of, and in opposition to, the motion to set aside the default. ■ While it is clear that on the motion the trial court cannot go into the merits of the proposed defense to the main case and is limited to the inquiry whether the affidavit of merits contains a statement of fact sufficient to constitute a meritorious defense (*Brill* v. *Fox*, 211 Cal. 739, 742 [297 P. 25]), as to the affidavits relating to proof of excuse and diligence, the rule for resolving conflicts is the same as that governing oral testimony and it is for the court below to determine the credibility of those executing the affidavits and the weight of the evidence so adduced (*Sheehan* v. *Osborn*, 138 Cal. 512 [71 P. 622]). With the lower court's determination of these matters an appellate court will not interfere (*Estate of McCarthy*, 23 Cal.App.2d 398 [73 P.2d 914]).

A review of the record convinces us that the trial judge may well have seriously questioned the good faith of appellant's present claim that at the time the default was entered he actually was of the "mistaken belief that the recital in the promissory note precluded the defense of a discharge in bankruptcy," and have doubted that such "mistaken belief" was the reason appellant failed to appear and contest the action as he now claims. Default was entered April 23, 1958, and although his creditors filed an involuntary petition against him on March 27, 1958, appellant did not consent to an adjudication in bankruptcy until four months later, on July 29. A reasonable inference from this and other evidence appearing in the record is that prior to April 23, 1958, appellant actually contemplated neither a discharge in the bankruptcy court nor that the same might be available to him as a defense. Clearly the bankruptcy petition filed in March was neither of his doing nor acceded to, planned or intended by him, for it was proposed by his creditors, not by appellant; and it was not until over three months after default was entered that he

voluntarily consented to the petition and agreed to the bankruptcy proceedings.

■■ Although it is well settled that an honest mistake of law may justify relief under section 473, Code of Civil Procedure (*Beard* v. *Beard*, 16 Cal.2d 645 [107 P.2d 385]; *Svistunoff* v. *Svistunoff*, 108 Cal.App.2d 638 [239 P.2d 650]; *Brill* v. *Fox*, 211 Cal. 739 [297 P. 25]), what constitutes a mistake of law excusable under the statute is not as well settled. Because it is mainly a factual question, the cases vary considerably in the application of section 473, and there appears to be no exact test for determining the issue, but they do agree generally that the determining factor is the reasonableness of the misconception; and where the court finds that the alleged mistake of law is the result of professional incompetence based upon erroneous advice (*Moskowitz* v. *McGlinchey*, 85 Cal.App. 189 [259 P. 105]), general ignorance of the law or lack of knowledge of the rules (*Brooks* v. *Johnson*, 122 Cal. 569 [55 P. 423]), or unjustifiable negligence in the discovery or research of the law, laxness or indifference (*Security Truck Line* v. *City of Monterey*, 117 Cal.App.2d 441 [256 P.2d 366, 257 P.2d 755]; *Shearman* v. *Jorgensen*, 106 Cal. 483 [39 P. 863]; *Garroway* v. *Jennings*, 189 Cal. 97 [207 P. 554]; *Salazar* v. *Steelman*, 22 Cal.App.2d 402 [71 P. 2d 79]) normally relief will be denied.

■ The record here discloses that prior to, and at the time of, the execution of the promissory note by appellant he was represented by counsel, and although he claims he executed the note contrary to his counsel's advice he made some payments thereunder. Likewise, immediately prior to the time the complaint was filed and served on appellant he was represented by counsel, demand for payment of the note having been made on both him and his lawyer. He also was represented by his present counsel on or about August 12, 1958, at which time, upon reviewing his financial condition and the extent of his indebtedness with him, he now claims he first became aware of the consequences of his conduct. This is clearly not a case in which appellant had no counsel available to him, but one in which he could and apparently did receive advice of competent counsel at the time of the transaction giving rise to the cause of action, immediately prior to the filing of the complaint, and at all stages of the within litigation. Nothing appears to have prevented appellant from securing the proper legal advice, we are aware of no reason advanced by him for his lack of knowledge of the law affecting

him, and no claim has been made that his counsel was responsible for any mistake of law or gave appellant erroneous legal advice in the premises.

While "we are not interested in the question as to whether the trial court could have granted relief based upon the claimed mistake of law, but, since the trial court denied relief, only in whether such holding was within its discretion" (*Security Truck Line* v. *City of Monterey*, 117 Cal.App.2d 441, 445 [256 P.2d 366, 257 P.2d 755]), we believe neither the record before us nor the law of this state justifies relief to appellant under section 473. The lower court could properly and reasonably have inferred, and unquestionably did infer from the evidence that appellant, prior to entry of default, was inexcusably negligent and lax; or at least indifferent, in failing to correctly ascertain his legal rights relative to the enforcement of the note, and in addition, in failing to discover his claim of "mistake of law" between the time his default was entered and August 12, 1958, a period of over three and a half months. There is nothing in the affidavits to explain appellant's failure to seek advice of, or delay in consulting with, counsel concerning a possible defense to the cause of action alleged in the complaint, and in the absence of such explanation the trial court was free to infer that the default occurred as the result of an intentional and deliberate failure to appear and defend; that certain circumstances having subsequently arisen from which he could now well benefit appellant has merely changed his mind in order to take advantage of the situation, and that he is in his present position not without fault or negligence on his part. ■ The instant case is governed by the rule laid down by the court in *Elms* v. *Elms*, 72 Cal.App.2d 508, at page 513 [164 P.2d 936] : "The only occasion for the application of section 473 is where a party is unexpectedly placed in a situation to his injury without fault or negligence of his own and against which ordinary prudence could not have guarded. . . . ■ Neither one's change of mind nor his inexcusable negligence is ground for vacating a judgment. To warrant relief under section 473 a litigant's neglect must have been such as might have been the act of a reasonably prudent person under the same circumstances.

■ ". . . it is the duty of every party desiring to resist an action or to participate in a judicial proceeding to take timely and adequate steps to retain counsel or to act in his own person to avoid an undesirable judgment. Unless in arranging for his

defense he shows that he has exercised such reasonable diligence as a man of ordinary prudence usually bestows upon important business his motion for relief under section 473 will be denied.'' ██ Other authorities clearly hold that where a default occurred as the result of a deliberate refusal to act and relief is sought after a change of mind, the remedy provided by section 473, Code of Civil Procedure, is clearly inappropriate (*Paulekas* v. *Paulekas*, 117 Cal.App.2d 73 [254 P.2d 941]; *Baratti* v. *Baratti*, 109 Cal.App.2d 917 [242 P.2d 22]; *Lukasek* v. *Lukasek*, 108 Cal.App.2d 609 [239 P.2d 497]; *Weinberger* v. *Manning*, 50 Cal.App.2d 494 [123 P.2d 531]).

██ Section 473 requires that an application thereunder be made ''within a reasonable time,'' in no case to exceed six months after the judgment, order, or proceeding was taken. In claiming diligence in presenting his motion, appellant fails to consider that he, as the moving party, had a double burden in the lower court—to show a satisfactory excuse for his default (*Berset* v. *Berset*, 126 Cal.App.2d 684 [272 P.2d 868]) and diligence in making the motion after discovery of the default (*Benjamin* v. *Dalmo Mfg. Co.*, 31 Cal.2d 523 [190 P.2d 593]). ██ He has presented nothing to the trial court explaining his delay (from April 23, 1958, to October 15, 1958, a little under the required six months) in seeking relief, with the exception of brief mention by his present counsel that he delayed making the motion ''until the meritorious defense would come into being.'' This apparently failed to impress the trial court for the ''meritorious defense'' to which he refers did not come into being until March 5, 1959; further, appellant could as well have set up his so-called ''inchoate defense'' in an answer filed before April 23, 1958 (if we assume that at that time he actually contemplated a discharge in bankruptcy) in the same manner as he alleged it in his proposed answer filed October 15, 1958. Also without satisfactory explanation is the further delay of two months—at the time appellant claims he ''discovered'' his alleged mistake of law on August 12, 1958, he again waited until October 15, 1958, before filing his motion. Concerning his failure to show diligence after discovery of the default, we refer to the language of the court in *Benjamin* v. *Dalmo Mfg. Co.*, 31 Cal. 2d 523, at page 529 [190 P.2d 593]: ''Courts do not relieve litigants from the effect of mere carelessness. Defendant has not cited, nor has independent research disclosed, any case in which a court has set aside a default where, in making application therefor, there has been an unexplained delay of

anything approaching three months after full knowledge of the entry of the default. On the contrary, the proper procedure appears to involve the presentation of some explanation, by affidavit or testimony, of any extended delay, and the court then determines whether such explanation may be deemed sufficient to justify the granting of the relief sought.'' (*Smith* v. *Pelton Water Wheel Co.*, 151 Cal. 394 [90 P. 934]; *Baratti* v. *Baratti*, 109 Cal.App.2d 917 [242 P.2d 22]; *City of Pacific Grove* v. *Hamilton*, 100 Cal.App.2d 508 [224 P.2d 19]; *Mercantile Collection Bureau* v. *Pinheiro*, 84 Cal.App.2d 606 [191 P.2d 511].) From the evidence submitted to the trial court, it very properly concluded that either the delay after discovery of entry of default or after the alleged discovery of his claimed defense was unexplained, or the explanation offered was not sufficient to justify the granting of the relief sought; and that in view of the almost six months delay under the circumstances presented, appellant did not apply for relief within the reasonable time required under section 473.

In urging this court to permit a trial on the merits, appellant cites *Jackson* v. *Shaw*, 20 Cal.App.2d 740 [68 P.2d 310], and *Pratt* v. *Fields*, 21 Cal.App.2d 723 [70 P.2d 268], for the proposition that this court has always been solicitous of the rights accorded a debtor under the Acts of Congress relating to bankruptcy. However, in both cases the court did not vacate the judgment obtained prior to the granting of a discharge in bankruptcy under section 473, Code of Civil Procedure, because defendant in each case as here did not make a timely motion.

Under the authorities we have cited we hold that the order denying relief is supported by the record and was well within the discretion of the trial court.

The order is affirmed.

Wood, P. J., and Fourt, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 30, 1959.