Filed 8/28/13  Bain v. Tax Reducers CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| HAROLD C. BAIN, | H038002 |
| Plaintiff and Appellant, | (Santa Clara County Super. Ct. No. CV112065) |
| v. | |
| TAX REDUCERS, INC., et al., | |
| Defendants and Respondents. | |

This appeal is the companion to *Bain v. Tax Reducers, Inc.* (Aug. 28, 2013, H037452) ___ Cal.App.4th ___ (*Bain II*),[1] filed concurrently herewith, in which both parties appeal from a judgment after a court trial.  The trial court found that Bain was TRI's employee and not an independent contractor and awarded Bain damages for unpaid wages and for breach of contract based on a judicially supervised settlement of Bain's wage claim.  In *Bain II*, we hold that Bain's claim for a statutory penalty under Labor Code section 1194.2 was time barred, strike the damages awarded to Bain as a penalty under that section, reject the parties' other contentions, and affirm the judgment as modified.

---

[1]  We refer to the appeal in the companion case as *Bain II*, since it was the second appeal arising out of the action Bain filed against TRI in Santa Clara County Superior Court Case No. 1-08-CV-112065.  (See *Bain v. Tax Reducers, Inc.* (May 17, 2010, H033632)

In this appeal, Bain challenges the trial court's post-judgment order: (1) denying his motion for attorney fees because it was not timely filed; (2) denying his motion for relief pursuant to Code of Civil Procedure section 473, subdivision (b), (hereafter § 473(b))[2] for the late filing of his attorney fees motion; and (3) awarding attorney fees to James Brooks Griffin, TRI's president and majority shareholder, after Griffin obtained summary judgment on the theory that he could not be held personally liable for Bain's claims against TRI.

We conclude that the trial court did not abuse its discretion when it denied Bain's motion for attorney fees and his subsequent claim for relief under section 473(b). But we hold that the trial court erred when it awarded attorneys fees to Griffin, since that fee award was not authorized by statute. We will reverse the order on Griffin's motion for attorney fees but will otherwise affirm the orders.

## FACTS AND PROCEDURAL HISTORY

As set forth in detail in *Bain II*, Bain worked for TRI for seven weeks in January and February 2005 as a tax preparer and accountant. Bain left the job in February 2005. A dispute arose between the parties on the question whether Bain was an employee or an independent contractor. Bain filed a claim with the Labor Commissioner, who determined that Bain was an employee and awarded Bain $7,700 in wages, and $6,600 as a waiting time penalty (Lab. Code, § 203). After adding interest, the total award was $15,105.86.

TRI appealed the Labor Commissioner's decision to the superior court in Santa Clara County Superior Court Case No. 1-06-CV063080. In December 2006, on the eve of trial, the parties entered into a judicially supervised settlement and the case was placed

---

[2] All further statutory references are to the Code of Civil Procedure unless otherwise stated.

2

on the dismissal calendar.  After that, however, the parties were unable to agree on the terms of a written release.

Later, after confirming that TRI's lawsuit (Case No. 1-06-CV063080) had been dismissed, Bain filed a new case in May 2008, the instant action, to enforce the judicially supervised settlement and to recover his wages.  TRI filed a cross-complaint, alleging breach of contract based on a purported settlement of the case in July 2006.  In September 2010, Bain added Griffin as a named defendant.  In April 2011, Griffin obtained summary judgment and was dismissed from the case.

A court trial was held over four days in April and May 2011.  The court found for Bain on all but one of his five causes of action and denied TRI relief on its cross-complaint.  The court entered judgment on August 15, 2011, and the court clerk served both parties with a file-stamped copy of the judgment that same day.  The parties do not dispute that this meant that the deadline for filing a motion for attorney fees was October 14, 2011, 60 days after the clerk served the file-stamped copy of the judgment.  (Cal. Rules of Court, rules 3.1702 [motion for statutory attorney fees must be filed and served "within the time for filing a notice of appeal under rules 8.104 and 8.108"] and 8.104(a)(1)(A) [time to appeal is the earliest of three dates, including 60 days after the superior court clerk serves a file-stamped copy of the judgment].)

On August 24, 2011, Bain filed a memorandum of costs, claiming $4,935.70 in costs.  On September 6, 2011, Griffin filed a memorandum of costs claiming $1,213.50 in costs, based on the court's order granting him summary judgment.  At that point in time, the court had not yet entered a judgment in Griffin's favor.[3]

---

[3] Griffin did not request entry of judgment in his favor after the hearing on his motion for summary judgment.  Nor did Griffin's counsel, who also represented TRI, request judgment in favor of Griffin in the proposed judgment it submitted to the trial court after trial or in its objections to the court's proposed statement of decision.  Griffin subsequently asked counsel for Bain to stipulate to correct the judgment in accordance with section 473, subdivision (d).  Bain's counsel refused, stating that Griffin's only recourse was to appeal the judgment.  In November 2011, Griffin filed a "Motion for

3

In September 2011, TRI filed a motion to tax Bain's costs and Bain filed a motion to "strike" (tax) Griffin's costs. Since neither party has appealed the court's rulings on the motions to tax, we shall not describe the grounds for these motions in any detail. Both motions were fully briefed and the court granted each motion in part, awarding Bain $3,729.30 of the $4,935.70 in costs he had claimed and awarding Griffin $955 of the $1,213.50 in costs he had claimed.

On October 13, 2011, TRI filed its notice of appeal from the trial court's judgment. Bain filed his notice of cross-appeal the following day.

## I. *Events Relating to the October 14, 2011 Filing Deadline for Bain's Motion for Attorney Fees*

On Friday, October 14, 2011, the last day for Bain to file a motion for attorney fees, it was Griffin (not Bain) who filed a motion for attorney fees, which was set for hearing on November 17, 2011. On Monday, October 17, 2011, Bain's counsel sent Griffin's counsel an e-mail stating: "I am not sure what you are doing with the [attorney fees] Motion set for Nov. 17, 2011. [¶] Your Appeal Notice is taken from not only the underlying Judgment, but also 'all post-trial orders affecting or adding to that Judgment.' [¶] That document was dated Oct. 13. [¶] Then on October 14 you filed your Motion for fees in [*sic*] the costs in the matter that you just took to the Court of Appeals [*sic*] the prior day. . . . [¶] Also because our office filed a Cross-Appeal on Oct. 14, all the other matters related to . . . Griffin's liability have now been taken up on appeal. . . . [¶] If you can give me a quick explanation of the Nov. 17 hearing, I would appreciate it. [¶] I assume all other hearings set for this week are also up on appeal."

---

Entry of Separate Judgment After Grant of Summary Judgment," which Bain opposed. The motion was heard on December 1, 2011, with the other post-trial motions. The court granted Griffin's motion and ordered that Bain "shall recover nothing" from Griffin and that Griffin "shall recover statutory costs and attorneys fees under Labor Code § 218.5."

4

On October 18, 2011, both counsel appeared for a hearing on TRI's motion to tax Bain's costs. The court did not rule on the motion. Instead, it ordered that all post-trial motions be heard by the trial judge. After the hearing, Bain's counsel told TRI's counsel that after he sent his October 17, 2011 e-mail, he did some research and discovered that the deadline for filing the attorney fees motion was October 14, 2011.

## II. Bain's Motion for Attorney Fees

Bain filed his motion for attorney fees and costs[4] on October 21, 2011, seven days late. Bain claimed attorney fees pursuant to Labor Code sections 98.2, 218.5, and 1194 and argued that these attorney fees statutes are to be construed broadly to protect employees. Bain claimed a Lodestar amount of $276,235 for 562.95 hours of work from July 10, 2006 through October 18, 2011. He claimed his lawyers were entitled to hourly rates of $600 per hour for Richard Schramm, $500 per hour for Richard Kutsche, and paralegal rates of $100 and $200 per hour. Bain argued that he was entitled to an enhancement factor of 1.5, increasing the fees claim to $414,352.50, because the litigation had been "long and difficult, taking nearly six litigation years," and "involved [a] series of aggressive maneuvers by" TRI. He also argued that attorney fees need not be proportional to the amount of the judgment. And he asserted that the enhancement should be imposed (1) because his attorneys assumed the risk of not getting paid while the parties pursued the litigation, and (2) "due to [TRI's] insistence on overly zealous and vigorous litigation," TRI's "re-litigation of certain issues," and its refusal to settle the case. TRI opposed Bain's motion on a variety of grounds, including that the motion was not timely filed.

---

[4] In addition to attorney fees, Bain claimed costs and expenses that were not recoverable under sections 1032 and 1033.5 through the memorandum of costs procedure. For ease of reference, we shall hereafter refer to this motion simply as Bain's "motion for attorney fees."

5

***III. Bain's Motion for Relief Under Section 473(b)***

On November 3, 2011, Bain filed a motion for relief from the late filing of his attorney fees motion under section 473(b) on the grounds of mistake, inadvertence, surprise, or excusable neglect. Attorney Schramm filed a declaration stating, "I was not aware of the October 14, 2011 filing deadline for the Motion for Fees and Costs, until Monday October 17, 2011. In the past, when I have had to bring special motions for fees and costs, I had always reached mutual agreements with the opposing counsels regarding the timing of such motions." Schramm stated that his October 17, 2011 e-mail confirmed that he was not aware of the October 14 deadline and that he "was under the impression that the Notice of Appeal barred any further action on the matter, including a stipulation for filing any fees motion." Schramm told the court that he had instructed his paralegal to start compiling the information needed to complete the attorney fees motion in "August 2011" and that because this was a "complex endeavor," the task had not been completed by October 14, 2011. Schramm told the court that he also retained a contract attorney (Steve Dransfield) to assist with drafting the motion and that he had instructed Dransfield to have the first draft ready by the week ending on October 14, 2011. Schramm told the court that Bain's attorney fees motion "consists of a four[-]inch stack of more than 1000 documents . . . ."[5] Schramm stated that he "was simultaneously involved with issues surrounding the Motion to Tax Costs filed by [TRI]" and "had numerous pressing client matters, other time sensitive action items, and was out of town from October 13-16, 2011 engaged in volunteer work." He told the court his "office has funded this litigation for nearly six years, and foregone nearly $300,000 in fees to support all the challenges in this litigation." Schramm stated that under the rules of court, the parties could have stipulated to extend the time for filing the motion by 60 days and that

---

[5] The motion, including all supporting exhibits, consumes only 428 pages of the record on appeal.

6

he had contacted TRI's counsel to propose such an extension but had not heard back from him.

According to the billing records, Schramm gave the assignment to his paralegal on August 24, 2011. The next time entry for the motion for attorney fees is dated September 19, 2011, when Schramm gave his paralegal further instructions regarding the motion. The paralegal began working on the motion a week later, on September 26, 2011; he spent 1.75 hours on the task that day and one more hour on October 4, 2011. According to the billing records, Schramm gave the assignment to Dransfield on October 10, 2011. Dransfield began working on the motion on October 12, 2011, just two days before the October 14 deadline. Dransfield and Schramm continued working on the motion on October 13, 14, 17, and 18. On October 17, 2011 there is a billing entry for 0.4 hours by Schramm: "Non-Charged Time Researching [Attorney] Fees Motion, Deadlines." The last billing entry is dated October 18, 2011.

TRI opposed Bain's motion for section 473(b) relief, arguing that Schramm's ignorance of the filing deadline for the attorney fees motion and his failure to research and ascertain the deadline was not excusable neglect. TRI asserted that section 473(b) "relief is available *only* if the mistake of law arises from a highly complex and debatable issue" and argued that in this case, "simple and elementary research" would have disclosed the filing deadline. TRI argued that although Schramm's declaration suggests that he was confused by the effect of the filing of the notice of appeal, that was irrelevant, since Schramm clearly stated that he did not know the filing deadline until October 17, 2011. TRI argued that it would be prejudiced by granting relief, "since it would be exposed to an untimely motion for hundreds of thousands of dollars" and that Bain would not be prejudiced by a denial of the motion since he "is not actually liable for any of the fees" under his fee agreement with counsel and that "only [Bain's] attorneys are prejudiced by their own inexcusable neglect."

7

In reply, Bain argued that the public policy behind the fee shifting statutes in the Labor Code would be thwarted if the section 473(b) motion was not granted. Schramm advised the court that he was not requesting fees for preparing the section 473(b) motion and that he was prepared to accept imposition of a monetary penalty under section 473, subdivision (c)(1)(A), equal to TRI's costs of opposing the motion.

## IV. *Griffin's Motion for Attorney Fees*

Griffin also filed a motion for attorney fees, claiming fees under Labor Code section 218.5. He argued that he was a prevailing party under that code section because both sides had requested attorney fees in their pleadings and Griffin had obtained summary judgment in his favor. When he filed his motion on October 14, 2011, Griffin's papers consisted of a notice of motion and a memorandum of points and authorities. He did not file any declarations or supporting evidence at that time; his papers did not specify the amount of fees claimed or contain copies of attorney billing records. The memorandum of points and authorities indicated that "the declaration of John McDonnell," counsel for TRI and Griffin, was "to be submitted after the time records have been redacted" and that Griffin's claim would include: (1) 100 percent of fees incurred for opposing Bain's efforts to add him as a defendant and Griffin's motion for summary judgment; and (2) 50 percent of the fees incurred defending both TRI and Griffin during the seven-month period that Griffin was a party. Although the record indicates Griffin filed documents supporting his attorney fees claim on October 18, 2011, copies of those documents are not in the record on appeal. According to Bain's opposition, Griffin claimed $26,700.50 in attorney fees.

Bain opposed Griffin's motion, arguing that the motion was incomplete when filed because it was not supported by any facts or evidence and that the rules of court required Griffin to file his supporting evidence with the motion. Among other things, Bain argued that Labor Code section 218.5 does not apply because Bain sought damages under Labor

8

Code section 1194 for TRI's failure to pay minimum wages, that Labor Code section 1194 does not allow fees to an employer, and that public policy precludes having Bain pay Griffin's fees. And under Labor Code section 98.2, Bain argued, only the party that unsuccessfully appeals the Labor Commissioner's decision (TRI in this case) is liable for fees; therefore, TRI should pay Griffin's fees. Finally, Bain argued that if fees are awarded, they should be limited to $4,225, the cost of Griffin's summary judgment motion.

In reply, Griffin argued that the motion was made upon service and filing of the notice of motion and that the later filing of the evidence had no effect on the timeliness of the motion. He also argued that he was not a party to the appeal of the Labor Commissioner's decision. And he asserted that he should recover for two hours trial time devoted to Bain's effort to bring him back into the case. Finally, he reduced his claim to $16,028.50 because some of his fees were attributable to causes of action for which fees are not recoverable.

## V. Trial Court Order on the Motions for Attorney Fees and Section 473(b) Relief[6]

The court denied Bain's motion for section 473(b) relief. The court found that Bain's "counsel was not mistaken as to a fact, but as to a law," and that a "reasonably prudent attorney exercising ordinary care would have reviewed the Rules of Court to determine the applicable deadline." The court, therefore, denied Bain's attorney fees motion as untimely. But the court granted Griffin's motion for attorney fees and awarded $4,875 for the time spent on Griffin's summary judgment motion and the reply thereto.

---

[6] Appellant Bain has not provided this court with a reporter's transcript of the December 1, 2011 hearing on the parties' post-trial motions.

DISCUSSION

## I.  *Order Denying Bain's Section 473(b) Motion*

We begin by addressing Bain's contention that the trial court erred when it denied his request for relief under section 473(b) from the late filing of his attorney fees motion. Section 473(b) authorizes a party or the party's legal representative to be relieved from the consequences of mistake, inadvertence, surprise, or neglect.  (§ 473(b).)  The statute contains both mandatory and discretionary provisions.  (§ 473(b); *Huh v. Wang* (2007) 158 Cal.App.4th 1406, 1414-1420.)  Bain properly sought relief only under the discretionary provision of section 473(b) because the mandatory provision of that section applies only to defaults, default judgments, and dismissals.  (*Huh v. Wang*, at pp. 1415-1418.)  The discretionary relief provision states:  "The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect."

"In contrast to the mandatory portion of section 473(b), 'discretionary relief under the statute is not limited to defaults, default judgments, and dismissals . . . .' [Citation.] As the California Supreme Court [has] observed:  'The discretionary relief provision of section 473, subdivision (b) applies to any "judgment, dismissal, order, or other proceeding." ' [Citation.]  Thus, for example, 'the failure of counsel to meet a procedural deadline' is 'a proper subject for section 473 relief.' [Citation.]" (*Huh v. Wang*, *supra*, 158 Cal.App.4th at p. 1419.)

Bain argues that his attorney's "inadvertence and neglect," which resulted in a seven-day delay in filing his motion for attorney fees "is excusable on numerous grounds."  First, he contends that after receiving TRI's notice of appeal, Attorney Schramm reasonably believed the appeal stayed the entire case, including the filing of the attorney fees motion and any stipulation to extend the time to file such a motion.  Second,

although Bain acknowledges that the trial court based its order on Schramm's admission that he did not become aware of the filing deadline for the attorney fees motion until three days after it had passed, Bain argues that the court erred because it ignored Bain's other arguments and considered no other factors. Third, he asserts that the delay in filing his motion for attorney fees was excusable because "post trial litigation was being exchanged quite assertively" between August 15, 2011 and October 14, 2011. This activity included both sides' motions to tax costs and the filing of TRI's notice of appeal and Bain's notice of cross-appeal. Fourth, he argues that since he promptly filed his motion for relief under section 473(b) and there was no prejudice to either TRI or Griffin, the court erred in denying the motion for relief. Finally, he argues that even if the trial court did not abuse its discretion when it denied his section 473(b) motion, the order must be reversed on public policy grounds.

TRI disputes Bain's contention that his attorney made a reasonable mistake of law. It argues it is "firmly established" that counsel's failure to research and ascertain a filing deadline does not constitute grounds for relief under section 473.

## A. Standard of Review

The standard of review of an order on a motion for discretionary relief under section 473(b) is abuse of discretion. (*Huh v. Wang*, *supra*, 158 Cal.App.4th at p. 1419, citing *Zamora v. Clayborn Contracting Group, Inc*. (2002) 28 Cal.4th 249, 257.) "A motion seeking such relief lies within the sound discretion of the trial court, and the trial court's decision will not be overturned absent an abuse of discretion. [Citations.] However, the trial court's discretion is not unlimited and must be ' "exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice." ' [Citations.]" (*Elston v. City of Turlock* (1985) 38 Cal.3d 227, 233, superseded by statute on another ground as stated in *Tackett v. City of Huntington Beach* (1994) 22 Cal.App.4th 60, 64-65.) " 'The discretion of a trial judge

11

is not a whimsical, uncontrolled power, but a legal discretion, which is subject to the limitations of legal principles governing the subject of its action, and to reversal on appeal where no reasonable basis for the action is shown.' " (*Sargon Enterprises, Inc. v. University of Southern California* (2012) 55 Cal.4th 747, 773.)

### B.  Legal Principles Governing Relief From Attorney Error

To obtain discretionary relief on the ground of attorney error, the evidence proffered with the section 473(b) motion must show that the attorney's error was excusable.  (*Huh v. Wang*, s*upra*, 158 Cal.App.4th at p. 1423.)  "Neglect is excusable only if a reasonable prudent person in similar circumstances might have made the same error.  [Citations.]  Relevant factors in assessing counsel error include:  '(1) the nature of the mistake or neglect; and (2) whether counsel was otherwise diligent in investigating and pursuing the claim.'  [Citation.]  'Conduct falling below the professional standard of care, such as failure to timely object or to properly advance an argument, is not therefore excusable.'  [Citation.]  'To hold otherwise would be to eliminate the express statutory requirement of excusability and effectively eviscerate the concept of attorney malpractice.' "  (*Ibid*.)

Where the attorney's error consists of a mistake of law, courts consider two factors in determining whether a mistake of law is excusable under section 473(b), including "the reasonableness of the misconception and the justifiability of the failure to determine the correct law.  [Citations.]"  (*State Farm Fire & Casualty Co. v. Pietak* (2001) 90 Cal.App.4th 600, 611 (*State Farm*).)  Thus, an honest mistake of law is a valid ground for discretionary relief under section 473(b) where "the legal problem posed ' "is complex and debatable." '  [Citations.]"  (*State Farm, supra,* 90 Cal.App.4th at p. 611.)  Additionally, where an attorney's mistake of law arose from an area of law that is unsettled, the mistake may be excusable.  (*McCormick v. Board of Supervisors* (1988) 198 Cal.App.3d 352, 360 (*McCormick*), superseded by statute on another ground as

stated in *County of Sacramento v. Superior Court* (2009) 180 Cal.App.4th 943, 951;

*Brochtrup v. INTEP* (1987) 190 Cal.App.3d 323, 332.)  On the other hand, where the

alleged mistake of law could have been cleared up by "elementary legal research," the

trial court does not abuse its discretion in denying discretionary relief.  (*Anderson v.

Sherman* (1981) 125 Cal.App.3d 228, 238 (*Anderson*).)  "Ignorance of the law, at least

where coupled with negligence in failing to look it up, will not justify a trial court in

granting relief" under section 473.  (*Security Truck Line v. Monterey* (1953) 117

Cal.App.2d 441, 445 (*Security*).)  " 'Where the court finds that the alleged mistake of law

is the result of professional incompetence based upon erroneous advice [citation], general

ignorance of the law or lack of knowledge of the rules [citation], or unjustifiable

negligence in the discovery or research of the law, laxness or indifference [citations][,]

normally relief will be denied.' "  (*State Farm*, *supra*, 90 Cal.App.4th at p. 611, quoting

*Fidelity Fed. Sav. & Loan Assn. v. Long* (1959) 175 Cal. App. 2d 149, 154 (*Fidelity*).)

## C.  Analysis

In the present case, we conclude that the time limits applicable to a post-trial

motion for statutory attorney fees may be ascertained through "elementary legal

research," consisting of consulting a treatise on civil procedure (see, e.g., 7 Witkin, Cal.

Procedure (5th ed., 2008) Judgment, § 301, pp. 897-898; Wegner, et al., Cal. Practice

Guide:  Civil Trials and Evidence (The Rutter Group 2012) ¶¶ 17:151-17:152, 17:166-

17:166.5, pp. 17-100, 17-136.11 to 17-136.12) and reviewing the applicable statutes and

rules.  Attorney Schramm's own billing records support our conclusion.  On October 17,

2011, Schramm spent 0.4 hours (24 minutes) researching "Deadlines" for the attorney

fees motion.  Similarly, information about the effect of filing a notice of appeal on the

trial court's jurisdiction to entertain post-trial motions may be ascertained through

elementary legal research.  (See e.g., Eisenberg, et al., Cal. Practice Guide, Civil Appeals

13

and Writs (The Rutter Group 2012) ¶¶ 7:11-7:12, 7:21, pp. 7-7 to 7-10; 9 Witkin, Cal. Procedure (5th ed., 2008) Appeal, § 20, pp. 81-82.)

For these reasons, we conclude that Bain's counsel did not make a mistake of law involving a legal issue that was complex or debatable (*State Farm*, *supra*, 90 Cal.App.4th at p. 611), or that arose from unsettled area of law (*McCormick*, *supra*, 198 Cal.App.3d at p. 360), or was otherwise reasonable (*State Farm*, *supra*, 90 Cal.App.4th at p. 611). And since the mistake of law by Bain's counsel did not constitute a valid ground for discretionary relief under section 473(b), we conclude that the trial court did not abuse its discretion when it denied Bain's section 473(b) motion for relief.

Bain's contention that the delay in filing his motion for attorney fees was excusable because of extensive "post-trial litigation" between August 15, 2011 and October 14, 2011 is belied by the record. Both sides filed memoranda of costs, motions to tax cost, and notices of appeal during that time period. During that time frame, Griffin filed his motion for attorney fees and his opposition to Bain's motion to tax. But Bain filed his motion for attorney fees after that period of time, on October 21, 2011, and his motion for section 473(b) relief was not filed until November 3, 2011. Other papers filed by Bain's counsel in support of or in opposition to the parties' post-trial motions were filed even later, on or after November 17, 2011.

In addition, counsel's billing records do not support the assertion that the delay in filing Bain's motion for attorney fees was excusable because of extensive "post-trial litigation" between August 15, 2011 and October 14, 2011. The billing records reveal that Schramm assigned the attorney fees motion to his paralegal on August 24, 2011, but that the paralegal did not begin work on the project until September 26, 2011 and recorded less than three hours work on the motion. On October 10, 2011, Schramm reassigned the project to contract counsel, who began working on the attorney fees motion on October 12, 2011, two days before the October 14 deadline. Thus, the billing records do not support the assertion that the missed deadline was excusable because of

14

extensive post-trial litigation prior to October 14. Instead, these billing records support Schramm's declaration that he did not become aware of the deadline for filing the motion until October 17, 2011. They also support the conclusion that the majority of the work on the post-trial motions was done after the October 14 deadline for Bain's attorney fees motion.

Bain nonetheless argues that the court erred in denying his section 473(b) motion since he promptly filed his motion for relief, 13 days after the missed deadline, and there was no prejudice to either TRI or Griffin. As the Supreme Court has observed, "Section 473 is often applied liberally where the party in default moves promptly to seek relief, and the party opposing the motion will not suffer prejudice if relief is granted. [Citations.] In such situations 'very slight evidence will be required to justify a court in setting aside the default.' " (*Elston*, *supra*, 38 Cal.3d at p. 233.) But as we explained in *Huh v. Wang*, to qualify for discretionary relief under section 473(b), the moving party must demonstrate both (1) a proper ground for relief (mistake, inadvertence, surprise or excusable neglect); and (2) that he or she acted diligently in seeking relief after discovering the default. (*Huh v. Wang*, *supra*, 158 Cal.App.4th at pp. 1419-1420.) Although Bain's counsel acted diligently in seeking relief under section 473(b) after discovering that the motion for attorney fees had not been timely filed, the court did not base its ruling on a lack of diligence in bringing the section 437(b) motion. It found, instead, that Bain had not demonstrated a proper ground for relief. In addition, "absence of prejudice to the opposing party is not in and of itself sufficient to entitle a party to relief under section 473. Rather, the rule is that in the absence of prejudice, the trial court has broad discretion to allow relief on one of the statutory grounds—excusable mistake, inadvertence, neglect, or surprise." (*Russell v. Trans Pacific Group* (1993) 19 Cal.App. 4th 1717, 1730-1731, superseded on another ground by statute as stated in *Lee v. Wells Fargo Bank* (2001) 88 Cal.App.4th 1187, 1196.) Since Bain has not met his burden of

demonstrating excusable neglect, we cannot say the court abused its discretion when it denied the motion for relief in this case.

Bain also argues that the trial court's order denying him section 473(b) relief contravenes public policy that requires employers to pay wages fully, accurately, and promptly, and that to insure that attorneys are compensated for enforcing this important public policy, "the Labor Code makes no less than three separate provisions for the recovery of attorney fees against employers who fail to pay agreed upon wages." As such, he contends that denying him any recovery of attorney fees, "in his hard-fought successful" case "for a transgression as small as filing [his attorney fees motion] seven days late is an abuse of discretion, and runs against the public policy of this state." Bain made this same public policy argument below. But Bain does not cite any authority that holds that cases that promote important public policies are not subject to the filing deadlines in the Rules of Court—which embody important public policies themselves— or that public policy considerations excuse a party seeking relief under section 473(b) from the statutory requirement of demonstrating mistake, inadvertence, surprise, or excusable neglect. We reject his public policy argument.

Finally, Bain argues that even if his attorney fees motion was untimely as to TRI, it was timely as to the judgment entered in favor of Griffin on January 9, 2012. This argument presupposes that this court will reverse the summary judgment in favor of Griffin or reverse the court's order at trial denying Bain's motion to amend his complaint and bring Griffin back into the case. In *Bain II*, we find no error with regard to either the grant of summary judgment or the court's order at trial denying Bain's request to amend. We therefore will not address Bain's contention that his attorney fees motion was timely as to the judgment entered in favor of Griffin in January 2012.

16

## II.    *Order Awarding Attorney Fees to Griffin*

Bain challenges the trial court's order awarding Griffin $4,875 in attorney fees on a number of grounds, both procedural and substantive.  Since we conclude that the order awarding attorney fees to Griffin was improper on substantive grounds because it was not authorized by statute, we will not address Bain's procedural arguments.

Substantively, Bain argues that Griffin was not entitled to fees and costs under the applicable attorney fees statutes, citing Labor Code sections 98.2, 218.5, and 1194.  Griffin argues that only Labor Code section 218.5 applies, since he sought attorney fees pursuant to that code section and the court's award was based on that provision.  To resolve the questions presented, we examine all three statutes.

"Under well accepted rules we determine this matter of statutory construction as an issue of law subject to our de novo review.  Our primary purpose is to determine the intent of the Legislature, and if the words of a statute are unambiguous, there is no need for construction.  The meaning of a statute may not be determined from a single word or sentence.  Instead, the words must be construed in context, and provisions relating to the same subject matter must be harmonized to the extent possible.  Each sentence must be read in light of the statutory scheme."  (*On-Line Power, Inc. v. Mazur* (2007) 149 Cal.App.4th 1079, 1085-1086.)

Labor Code section 98.2, subdivision (c) (hereafter Labor Code section 98.2(c)) applies to trial court proceedings following an appeal from the Labor Commissioner's decision on a wage-related claim.  (*Arias v. Kardoulias* (2012) 207 Cal.App.4th 1429, 1434 (*Arias*).)  Labor Code section 98.2(c) provides in relevant part:  "If the party seeking review by filing an appeal to the superior court is unsuccessful in the appeal, the court shall determine the costs and reasonable attorney's fees incurred by the other parties to the appeal, and assess that amount as a cost upon the party filing the appeal.  An employee is successful if the court awards an amount greater than zero."  This statute

17

"establishes a one-way fee-shifting scheme whereby" parties who unsuccessfully appeal a Labor Commissioner's decision "pay attorney fees while successful appellants may not obtain such fees." (*Sonic-Calabasas A, Inc. v. Moreno* (2011) 51 Cal.4th 659, 673 (*Sonic*).) Labor Code section 98.2(c) "is not a prevailing party fee provision, instead it is a one-way fee-shifting scheme that penalizes an unsuccessful party who appeals the [Labor Commissioner's] decision. If an employer unsuccessfully appeals, that is, does not nullify the commissioner's decision following a new trial in the superior court, the employee is entitled to recover attorney fees and costs. If an employee appeals, however, the employer is not entitled to attorney fees and costs if the employee receives an award greater than zero on the wage claim following a new trial in the superior court." (*Sonic,* at p. 1435.) The purpose of Labor Code section 98.2(c) is to promote the finality of the Labor Commissioner's decisions in wage claims by discouraging frivolous and unmeritorious appeals to the court by either party, "thereby reducing the costs and delays of prolonged disputes, by imposing the full costs of litigation on the unsuccessful appellant." (*Smith v. Rae-Venter Law Group* (2002) 29 Cal.4th 345, 359, 360, superseded by statute on another ground as stated in *Arias*, *supra*, 207 Cal.App.4th at pp. 1435-1436.)

As we explain in *Bain II*, under the Labor Code, Bain had two alternative remedies for recovering unpaid wages. He could (1) pursue the administrative remedy as set forth in Labor Code sections 98 et seq. by filing a complaint with the Labor Commissioner, or (2) file a civil action for unpaid wages. (*Eicher v. Advanced Business Integrators, Inc*. (2007) 151 Cal.App.4th 1363, 1379 (*Eicher*).) Two separate actions were filed in the superior court relating to Bain's wage claims. The first action was TRI's appeal of the Labor Commissioner's decision on Bain's wage claims to the superior court. The second action, this case, was Bain's civil action for unpaid wages. By its own terms, Labor Code section 98.2(c) applied to the first action (TRI's appeal); it did not apply to this action (Bain's civil action for unpaid wages).

Bain also contends the court erred when it awarded attorney fees to Griffin under Labor Code section 218.5, which permits a " 'prevailing party' " to obtain attorney fees "in civil actions for the nonpayment of wages initiated in the superior court." (*Sonic,* 51 Cal.4th at pp. 673-674.) Labor Code section 218.5 provides in relevant part: "In any action brought for the nonpayment of wages, . . . , the court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action." This statute has four express exceptions; the only exception relevant to this case provides: "This section does not apply to any action for which attorney's fees are recoverable under Section 1194." (Lab. Code, § 218.5.)

Labor Code section 1194 provides in part: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation . . . is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit." Labor Code "[s]ection 1194 is a specific statute that allows successful employees (but not successful employers) to recover attorney fees." (*Eicher*, *supra*, 151 Cal.App.4th at p. 1379.) "Section 1194, which authorizes fee awards only in favor of employees, is a ' "one-way" fee-shifting statute,' the purpose of which is to provide a ' " 'needed disincentive to violation of minimum wage laws.' [Citation.]" ' [Citation.]" (*Eicher,* at p. 1380.)

Bain argues that since he recovered unpaid minimum wages under Labor Code section 1194, Griffin cannot recover attorney fees under Labor Code section 218.5. We agree. Under the express language of Labor Code sections 1194 and 218.5, Griffin was not entitled to recover attorney fees from Bain even though Griffin prevailed on summary judgment and obtained a judgment in his favor. As we have noted, a successful employer cannot recover under Labor Code section 1194. And although Labor Code section 218.5 generally allows an award of attorney fees to any party who prevails in a civil action for

19

unpaid wages, it expressly states that it does not apply to any action for which attorney fees are *recoverable* under Labor Code section 1194. Since Bain claimed unpaid minimum wages under Labor Code section 1194 and prevailed on that claim, fees were recoverable under that section. This case therefore falls within the express exception in Labor Code section 218.5 for cases involving minimum wage and overtime claims. That Bain did not actually recover attorney fees because of a procedural default related to his untimely filing of his attorney fees motion does not alter our conclusion. For these reasons, we conclude the trial court erred when it awarded Griffin $4,875 in attorney fees and costs.

## DISPOSITION

The court's post-trial orders denying Bain's motion for relief under section 473(b) and his motion for attorney fees are affirmed. The trial court's order awarding

Griffin $4,875 in attorney fees is reversed.  The parties shall bear their own costs on appeal.

_____

Márquez, J.

WE CONCUR:

_____

Elia, Acting P. J.

_____

Mihara, J.